ALBERT JOHNSON

*vs.*

GEORGE R. ROBINSON, impleaded with SIMON P. SNYDER
and Wife.

Consideration of the sufficiency of the complaint in this case.

As against any right acquired under any deed executed before the passage of *ch.* 52, *Laws* 1858, that is before August 3, 1858, a purchaser at an execution sale acquires only the real interest of the judgment debtor at the time of such sale.

*Greenleaf vs. Edes*, 2 *Minn.* 270, and *Marshall vs. Roberts*, 18 *Minn.* 405, *followed.*

This action was brought in the district court for Hennepin county. The complaint alleges, substantially, that the defendant, Simon P. Snyder, on the 5th day of December, 1857, was the owner in fee of certain premises, particularly described by metes and bounds. That Snyder and wife conveyed the "aforesaid premises" to McFarlane, by deed dated December 5, 1857. That McFarlane conveyed "said premises" to McKinney, by deed dated June 25, 1858. That McKinney conveyed "said premises" to Boyd, by deed dated July 1, 1858. That Boyd conveyed "said premises" to Stough, by deed dated July 27, 1858. That the description of the premises contained in the respective deeds was "Lot four (4) in block twenty-nine (29,) Snyder & Co.'s first addition to Minneapolis," and that the parties thereto supposed at the time the same were executed that this description conveyed the premises particularly described as owned by said Snyder. That Stough "conveyed the aforesaid premises by a correct description" to the plaintiff, by deed dated September 13,

1869. That these deeds were duly recorded. That the defendant, Robinson, claims an interest in the premises (those particularly described in the complaint,) under execution sales upon judgments obtained against Snyder subsequent to his conveyance to McFarlane.

The plaintiff does not allege, in terms, any interest in the premises described in the complaint. The complaint asks to have the record of the several deeds corrected, and the title of the plaintiff confirmed, &c., and that defendants be adjudged to have no interest in the premises.

The defendant Robinson alone answered; and after denying "each and every allegation in said complaint not hereinafter specifically admitted," sets up his claim to the premises described in the complaint as purchaser at a sale under an execution issued upon a judgment rendered and docketed against said Simon P. Snyder, and another on the 29th day of March, 1864; and also under a quit-claim deed from Snyder and wife, dated November 30, 1869, correctly describing the premises.

Upon the trial, which was by the court, before any testimony was offered, defendant " moved to dismiss the action on the ground that the complaint did not state facts sufficient to constitute a cause of action." The motion was denied and defendant duly excepted. It was then admitted " that on the 5th of December, 1857, Simon P. Snyder was the owner in fee simple of the land described by metes and bounds in the complaint." Plaintiff offered in evidence the several deeds mentioned in the complaint, and the defendant objected to their introduction, on various grounds, but principally on the grounds that they were inadmissible under the complaint, and that the premises described in the deeds were not the same as those described in the complaint, (except as to the deed from Stough to plaintiff.) The objections were overruled, and de-

fendant duly excepted, and the deeds were read in evidence. Testimony was offered, and received under objection and exception by defendant, tending to show that by the several deeds it was intended to convey the premises admitted to have been owned by said Snyder, and to explain the discrepancy between the descriptions. Defendant offered testimony to show his title to the premises under the execution sale upon the judgment, and the quit-claim deed from Snyder and wife to him, as stated in his answer, which was received.

The court found as facts, substantially, that it was the intention by the several deeds mentioned in the complaint, and received in evidence, to convey the premises described in the complaint ; that the execution sale was made, and the quit-claim deed executed to defendant, as stated in his answer.

As a conclusion of law, the court found that the plaintiff was entitled to judgment for the relief demanded, and ordered judgment accordingly.

Defendant moved for a new trial, which was denied, and he appeals from the order denying such motion.

HAUSER & ROBINSON, for Appellant.

L. M. STEWART, for Respondent.

*By the Court.*—BERRY, J.—The complaint in this case lacks that distinct and explicit averment of plaintiff's interest in the premises in controversy which good pleading requires. Nevertheless, " liberally construed with a view to substantial justice between the parties," (in the language of *section* 89, *ch.* 66, *Gen. Stat.*,) we think the complaint may be supported, though it is to be hoped that it will not become a precedent.

The complaint alleges Snyder's ownership of the premises in fee, his bargain and sale of the same to McFarlane for a

valuable consideration paid by the latter, the execution of a warranty deed in pursuance of such bargain and sale intended to convey *said premises,* in which deed said premises are imperfectly described, subsequent conveyances for value by warranty deed of *said premises* by said imperfect description by ·McFarlane to McKinney, by McKinney to Boyd, and by Boyd to Stough, and finally the conveyance for value of " the *aforesaid premises* by a correct description " by Stough to plaintiff.

It will be seen that in this way plaintiff has set out his chain of title, the *evidence* of his title, the legal inference from this evidence being that he owns an interest in the premises in question, an inference which, as before remarked, plaintiff has not stated, in terms, in his complaint. Though, as before observed, this is not commendable pleading, we think that as against a motion to dismiss or an objection to the reception of the evidence on account of the insufficiency of the allegations, the complaint should be upheld. Defendant's other criticisms of the complaint must also be overruled, since, although by no means groundless, they do not go far enough to support the motion or objection above mentioned.

In regard to defendant's exceptions to the admission of testimony, none of them appear to us to be well grounded, or to present difficulties sufficient to require particular answer or comment.

And as to the force and effect of the testimony we will only say that, in our opinion, the evidence was sufficient to warrant the court in its findings of fact, in general, and, of course, in finding that the conveyance from Snyder to McFarlane was executed with the mistaken understanding upon the part of both parties thereto that the premises in controversy were properly described is said deed as lot 4, and that by that designation the same were to pass and be conveyed by said deed.

Johnson v. Robinson et al.

As to the title in himself which defendant undertakes to maintain, it rests first, upon a sale on an execution issued upon a judgment against Snyder and McFarlane.   Under this sale defendant could acquire only the *real interest* of Snyder and McFarlane in the premises.

Snyder's deed to McFarlane was executed in December, 1857, and McFarlane's deed to McKinney in June, 1858.  *Sec* 1. *ch.* 52, *Laws* 1858, approved August 3, 1858, which gives the lien of a judgment a preference over an unrecorded deed has no application to this case either in letter or ·spirit, since its effect is, in terms, limited to deeds made *after* its passage. So far as the execution sale is concerned, irrespective of any question of notice, the defendant does not stand in the position of a bona fide purchaser for a valuable consideration of the disputed premises, since the effect of the deeds from Snyder to McFarlane, and from McFarlane to McKinney, under the state of facts found by the court below was to divest Snyder and McFarlane of any beneficial interest in the property, so that notwithstanding the imperfect description they held nothing more, at the most, than a naked legal title in trust for the person in whom the right to the premises rested under the subsequent conveyance.   *Greenleaf vs. Edes*, 2 *Minn.* 270.

Secondly, defendant rests his alleged title upon the deed from Snyder and wife to himself.   As this, however, was only a quit-claim deed of the " right, title and interest" of Snyder and wife in the premises, it could not affect the right and interest of which, as we have already seen, Snyder and McFarlane, had divested themselves before such quit-claim deed was executed.   *Marshall vs. Roberts*, 18 *Minn.* 405.

These are the only matters presented in this case, upon which we deem it necessary to make special remark, and the result is that the order denying a new trial is affirmed.·