GOLDSMITH *v.* SMITH and others, substituted for BALCH and another.

*(Circuit Court, D. Oregon.* September 8, 1884.)

**1. EJECTMENT.**

The action of ejectment, as defined and regulated by the Oregon Code of Civil Procedure, *c.* 4, tit. 1, is a possessory action, and although the estate or interest of the parties in the premises may be ascertained by the verdict therein, yet the plaintiff can only have judgment for the possession wrongfully withheld from him, with damages for such detention and costs; and the defendant can only have judgment for costs.

**2. SAME—BETWEEN TENANTS IN COMMON.**

A co-tenant cannot maintain this action against his co-tenant unless the possession is actually and wrongfully withheld from him, or his right thereto wholly denied.

**3. CO-TENANTS—ADVERSE CLAIM BY ONE AGAINST THE OTHER.**

Where a co-tenant is in possession, and another co-tenant claims an estate or interest in the premises held in common, adverse to him, his remedy is by a suit in equity for the purpose of determining such adverse claim, as provided in section 500 of the Oregon Code of Civil Procedure.

Action to Recover Real Property. Motion for judgment on the pleadings.

This action is brought by the plaintiff, a citizen of New York, to recover the possession of the undivided $\frac{3}{8}$ of the E. $\frac{1}{2}$ of the donation of Danford Balch, the same being claim 58, and parts of sections 28, 29, 32, and 33, in township 1 N., of range 1 E. of the Wallamet meridian, and situate in the county of Multnomah and state of Oregon. The plaintiff alleges that he is the owner in fee of an undivided five-eighths of the premises, and as such entitled to the possession thereof, and that from October 4, 1870, to December 31, 1883, "the plaintiff, his predecessors and grantors, were seized of the said premises so owned by him, and in the actual and adverse possession thereof."

The action is brought against John Balch and Alexander Hamilton, citizens of Oregon, and the persons in the actual possession of the property at the time. The complaint alleges that they, or those under whom they claim, are the owners of one undivided eighth of the premises, and that on December 31, 1883, the said defendants, denying the right and title of the plaintiff to three of the said five eighths, entered into and took possession of the same, and ousted plaintiff from the said three-eighths, and are now in the actual possession of the same, denying the right and title of the plaintiff thereto, and unlawfully and wrongfully withhold the possession of the said undivided three-eighths of said land from the plaintiff." Wherefore, they pray "judgment against the defendants for the possession of said three of said undivided five eighths."

The defendants Balch and Hamilton answered, alleging that they were in possession of the premises, in common with the plaintiff, as tenants of certain parties named Smith, Gilliland, Hamilton, Dickinson, and Walker, and on the same day said parties applied to the court to be made defendants in the action, in place of said tenants,

as provided in section 314 of the Code of Civil Procedure, which application was allowed.

Afterwards, these parties answered the complaint severally, setting forth the undivided interest of each in the premises, which in the aggregate amounts to four-eighths of the same. They also deny that the plaintiff is the owner of more than one-half of the premises, or that he is entitled to the exclusive possession of any part thereof, or that they ever ousted the plaintiff from three-eighths or any portion of the premises, or withheld the possession thereof from him; and allege that they and the plaintiff are tenants in common of the premises, and as such are in the possession thereof.

On the argument of the motion counsel for the plaintiff contended that section 324 of the Code of Civil Procedure should be construed so as to allow a tenant in common to maintain an action against his co-tenant when the latter has simply denied the extent of his estate or interest in the premises owned in common; while the counsel for the defendants insisted that the section was only applicable to an action at law to recover possession of real property, which could only be maintained according to it when the right of the co-tenant plaintiff to the "possession" of the premises was wholly denied by the defendant. The section reads as follows:

"In an action for the recovery of dower before admeasurement, or by a tenant in common of real property against a co-tenant, the plaintiff shall show, in addition to the evidence of his right of possession, that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

This section is derived from the Revised Statutes of New York, pt. 3, c. 5, § 27, in which it is provided that in an action of ejectment between tenants in common, the plaintiff, "in addition to all other evidence which he may be bound to give," shall prove "that the defendant actually ousted" him, "or did some other act amounting to a total denial of his right as such co-tenant."

In the draught of the New York Code of Civil Procedure, reported December 31, 1849, the commissioners took this section and made it, in a modified form, section 890 of such draught, placing it in a title relating to "actions to determine conflicting claims to real property," under which it was intended that both legal and equitable rights and claims to real property might be prosecuted and determined. The modification consisted in extending the section to actions "for the recovery of dower before admeasurement," and providing that the plaintiff who claims as a cotenant must "show, in addition to the evidence of his right, that the defendant either denied the plaintiff's right or did some act amounting to such denial."

Subsequently, in 1862, the section was incorporated in the Oregon Code of Civil Procedure as section 324 thereof, and is a part of title 1 of chapter 4, relating exclusively to actions at law "to recover the possession of real property," with the addition of the words "of possession" inserted after the words "evidence of his right."

The Code also provides (chapter 5, tit. 8, § 500) for the determination of "adverse claims to real property" by a suit in equity. The section reads as follows:

"Any person in possession, by himself or his tenant, of real property, may maintain a suit in equity against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest."

*George H. Williams* and *James K. Kelly,* for plaintiff.

*P. L. Willis* and *James F. Watson,* for defendants.

Before FIELD and DEADY, JJ.

FIELD, Justice. This is a motion for judgment that the complaint be dismissed, and that the defendants recover costs and disbursements, on the ground that the complaint "does not state facts sufficient to constitute a cause of action." It is in fact an attempt to obtain, by motion after answer, the benefit of a demurrer to the complaint, which must be regularly presented before answer. It can only be filed subsequently upon leave of the court and a withdrawal of the answer. The motion, therefore, in the form in which it is presented, must be denied. But as, by the pleadings, it appears that the plaintiff has presented his case upon the theory that one co-tenant of real property, in possession, can maintain ejectment against another co-tenant, also in possession, if the extent of the plaintiff's interest is denied, it may not be improper to call the attention of counsel to matters which are essential to the maintenance of the action, and consequently to the allegations of the complaint.

The action of ejectment is primarily for the possession of the property in controversy, the right to which may depend upon the ownership of the property, or a contract with the owner for the use of it,— a letting of it by him to the plaintiff. There must be in the plaintiff a present right of possession, which is withheld by the defendant. Code Civil Proc. § 313.

Now, each tenant in common has an equal right to the possession of the whole and of every part of the common property. If a tenant in common is in possession of any interest, no matter how small, he is, in law, in possession of the whole property. Therefore, no tenant in common, in possession, can maintain ejectment against a co-tenant also in possession. In such case he already has all that a judgment in his favor could give him. To sustain such an action the co-tenant plaintiff must be entirely excluded from the possession.

The statute (section 324 of the Code of Civil Procedure) does not change this rule of the common law; it only changes the proof of ouster, or rather makes a denial of the plaintiff's right of possession the equivalent of actual ouster, so as to authorize a recovery upon proof of such denial, when his right is otherwise established.

In the case at bar the complaint alleges that the plaintiff is the owner of five undivided eighths of the premises described, and was in their actual and adverse possession for a period exceeding 13

years,—from October 4, 1870, to December 31, 1883,—that on this last date the defendants entered upon three of these five eighths and excluded him from them, and withholds them from him; and that they are the owners of one undivided eighth. There is no allegation that the plaintiff has ever been dispossessed of the remaining two of the five undivided eighths. The necessary presumption, therefore, is that he is still in their possession. Being in possession as such owner, he is in possession of the whole premises, under the law which governs the rights of tenants in common. So, as the complaint now stands, the plaintiff cannot upon its allegations recover in ejectment. The allegation of ownership of the five-eighths must be reduced to that of three-eighths; or the ouster—that is, the denial of the plaintiff's right by the defendants—must be alleged to extend to the whole five-eighths. If, therefore, the present action is to be continued, the complaint must be amended in this form. But if the fact be as stated, that the plaintiff's right to three of the five eighths is only denied, and he continues in possession as the owner of two-eighths, while the defendants are admitted to be the owners of one-eighth, the plaintiff's remedy to determine the validity of the defendants' right to the disputed three-eighths is in equity, under the statute, (Or. Code Civil Proc. § 500,) authorizing suits for the determination of estates claimed adversely to the owner. Being in possession by his co-tenancy, the plaintiff can insist that the defendants disclose their alleged adverse interest, and call upon the court to pass upon its validity. In this way the interests and claims of the defendants, as against the plaintiff, can be fully determined.

While the motion, as presented, is denied, the plaintiff can have leave to amend his complaint as suggested, the defendants having the right to answer anew, or he can withdraw the present action and institute a suit in equity. Motion denied.

DEADY, J. I concur with the circuit justice, but wish to add that this motion is anomalous, and will not lie under any circumstances. It is made by the defendant, and is for "judgment on the pleadings," —the pleadings being the complaint and answer. But, as a judgment on the pleadings cannot be given on the pleading of the party moving for it, unless the truth of the allegations therein is admitted by the subsequent pleading or silence of the adverse party, this is really a motion by the defendant for a judgment on the complaint. Now, there can be no judgment for the defendant on the complaint except upon the ground that it does not state facts sufficient to constitute a cause of action, and that objection or question can only be made by demurrer. So that if the defendant had made this motion before answer, still it would not lie. But the motion is also singular in the nature of the judgment it asks—"that the plaintiff's complaint be dismissed." A bill or suit in equity is said to be "dismissed" when finally disposed of adversely to the plaintiff therein; and un-

less the decree of dismissal is declared to be "without prejudice," it is a bar to any further litigation of the matter between the parties. But an action at law is disposed of either by a judgment for the plaintiff, or in bar of its maintenance, or of nonsuit. By either the first or second one the cause of action is determined and the action brought to an end; but by the third the action only is ended or disposed of, and another may be brought upon the same cause.

This judgment of nonsuit can only be obtained on motion of the defendant before trial, because of the failure of the plaintiff to appear for trial, or by consent. The form of it is "that the plaintiff take nothing by his writ or action, and that the defendant go hence without day;" and the effect of it, under the Code, is to dismiss the action. See Code of Civil Procedure, *c.* 2, tit. 11.

But a "motion" to dismiss "a complaint," whether at law, or in equity, will not lie under any circumstances; and it proceeds upon a total misconception of the nature of legal procedure, both under the Code and at common law.