GEORGE C. HARPER *vs.* EAST SIDE SYNDICATE.

April 23, 1889.

Res Judicata—Recitals in Foreclosure Decree—Second Mortgagee not a Party.—T. and M., trustees, were named as mortgagees in two several mortgages executed by the same party. A suit brought in the name of third parties, plaintiffs, against the mortgagor as sole defendant, to foreclose the first mortgage, proceeded to judgment. There was no evidence in this case that the plaintiffs in that action had succeeded to the rights of the mortgagees, except a recital in such judgment. *Held*, that the mortgagees, being strangers to the record, are not bound by such recital or foreclosure; and the second mortgage, not appearing to be barred by the statute, is still in force, and a cloud upon the plaintiff's title to the mortgaged premises, and equity will not, therefore, enforce a contract for the sale thereof in his favor, against unwilling purchasers.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill*, J.

*C. D. & Thos. D. O'Brien*, for appellant.

*Merrill & Willett*, for respondent.

VANDERBURGH, J. This action is brought to enforce specific performance of a contract for the sale of lands against the purchasers. The defence is that the plaintiff is unable to give a good title to the land agreed to be conveyed. He claims title under the Lake Superior & Mississippi Railroad Company, and the latter is admitted to have been the owner; but prior to the date of its conveyance to the plaintiff, the corporation had executed two several mortgages to secure its bonds to a large amount, running to J. Edgar Thompson

and William G. Moorhead, trustees, covering this and other lands. A suit in equity had been instituted in the United States circuit court, in which George Philler and Stephen A. Caldwell were plaintiffs, and the railroad company was sole defendant, to foreclose the mortgage first executed, in which a judgment of foreclosure was entered on March 8, 1877. On March 10th following, the company conveyed the land in question to A. R. Kiefer and Adam Heck, and on the same day Philler and Caldwell also executed to them an instrument releasing the same from the mortgage, and thereafter Kiefer and Heck conveyed to plaintiff. Upon May 1, 1877, the premises were sold in pursuance of the judgment to one Rhawn. The judgment contained a recital that Philler and Caldwell had been appointed trustees in place of Thompson and Moorhead, and this the court.finds to be all the evidence there is that Philler and Caldwell succeeded to the title of Thompson and Moorhead, as trustees. And the second mortgage does not appear to have been foreclosed, satisfied, or barred. Thompson and Moorhead, not being parties to the suit, are not bound by the recitals in the judgment. The plaintiffs are not, therefore, shown to have a good or clear title to the premises, and a court of equity will not compel the purchaser to accept it, and complete the contract.

Judgment affirmed.