MARGARET L. BERRYHILL *vs.* HOWARD L. SMITH, *et al.*

Submitted on briefs Oct. 23, 1894.   Affirmed Dec. 7, 1894.

No. 8750.

59  285
172  425

.Judgments mentioned in the recording act include any judgment affecting the title.

1878 G. S. ch. 40, § 21, provides that "every such conveyance [of real estate] not so recorded shall be void * * * as against any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record prior to the recording of such conveyance." *Held,* that this is not limited to money judgments in favor of creditors, but applies to any judgment affecting the title to real estate, where such title appears of record in the name of the person against whom the judgment is rendered.

Appeal by plaintiff, Margaret L. Berryhill, from a judgment of the District Court of Ramsey County, *Chas. E. Otis,* J., rendered April 27, 1893.

The plaintiff commenced this action under 1878 G. S. ch. 75, § 2, to determine the adverse claims of defendant, Howard L. Smith, to lot five (5) and a part of lot A, in Berryhill & Davison's rearrangement of block three (3) in Nininger & Donnelly's addition to Holcombe's addition to St. Paul. Defendant answered claiming title under a judgment and sale in an action commenced August 29, 1891, to foreclose mechanic's liens on the property. Plaintiff replied that she had title to the property under foreclosure by advertisement of a mortgage on the property held by William C. Resser. That when the lien action was commenced she held an assignment from Resser to her made June 10, 1891, of the certificate of sale on foreclosure of the mortgage, but was not made a party to that action, and that her title is not affected by the sale in the lien action. It appeared that the assignment by Resser to her was not recorded until after confirmation of the sale in the lien action, but that Resser was made a party defendant in that action, and that he then appeared of record to own the certificate. The defendant had judgment and plaintiff appeals.

*Cyrus J. Thompson* and *Charles J. Berryhill*, for appellant.

If plaintiff was bound by the lien judgment, it must be either because plaintiff was a party or a privy. She was not a party to the action, and we contend that she was not bound as a privy. The fact that plaintiff obtained the certificate June 10, 1891, when the suit against Resser was not pending against him until August 29, 1891, shows that plaintiff is not a privy.

Those only are privies whose interest in the subject matter of the suit originates subsequent to its commencement. *Shay* v. *McNamara,* 54 Cal. 169; *Satterlee* v. *Bliss,* 36 Cal. 489; *Hunt* v. *Haven,* 52 N. H. 162; *Campbell* v. *Hall,* 16 N. Y. 575; *Doe* v. *Earl of Derby,* 1 Ad. & E 783; *Corser* v. *Kindred,* 40 Minn. 467; *Newman* v. *Home Ins. Co.,* 20 Minn. 422.

The registry act does not apply to the facts found. The assignment of Resser's certificate in plaintiff's hands was not affected by 1878 G. S. ch. 40, § 21. *Windom* v. *Schuppel,* 39 Minn. 35.

The lien judgment is not one of the kind of judgments contemplated by the statute. The statute was passed originally in 1858 to put attachment and judgment creditors upon the footing of subse-

quent purchasers and incumbrancers. *Greenleaf* v. *Edes*, 2 Minn. 264; *Welles* v. *Baldwin*, 28 Minn. 408; *Dutton* v. *McReynolds*, 31 Minn. 66; *Baker* v. *Thompson*, 36 Minn. 314; *Wilcox* v. *Leominster Nat. Bank*, 43 Minn. 541.

Each money judgment recovered in that action was against Phinney, not Healey or Resser. No party to this suit ever was adjudged by that judgment to be a creditor of Resser, as that term is defined in *Mohr* v. *Minnesota Elevator Co.*, 40 Minn. 348.

Nor is there any finding that the title to the land appeared of record in Resser when the judgment was entered. This was as essential as the recovery of a money judgment against him. *Coles* v. *Berryhill*, 37 Minn. 56; *Dickinson* v. *Kinney*, 5 Minn. 409; *Golcher* v. *Brisbin*, 20 Minn. 453; *Lebanon Sav. Bank* v. *Hollenbeck*, 29 Minn. 322; *Oliver* v. *Davy*, 34 Minn. 292.

*Howard L. Smith, pro se.*

It is conceded that the appellant was neither a party nor a privy with any party in the lien action. Nevertheless appellant is bound by the decree rendered in that case by virtue of 1878 G. S. ch. 40, § 21. In the case of *Windom* v. *Schuppel*, 39 Minn. 35, this court has construed this section to cover every case under which a lien, general or specific, upon the land is thereby acquired or given.

There is no ground for the contention that the statute was intended to apply only to money judgments, which become general liens only by virtue of docketing. It was intended to apply to all judgments under which real estate may be sold, and is intended for the protection of purchasers.

This whole claim now based upon the recording act is an after-thought inspired by the decision of this court in *Carlson* v. *Phinney*, 56 Minn. 476, in which this judgment against Resser is held to be good.

MITCHELL, J. Action to determine adverse claims to real property. The short facts are that one Healey was originally the owner of the property, subject to a mortgage held by one Resser, through which plaintiff claims title, and subject to certain mechanics' liens, through which defendant claims title. In an action commenced

by some of the lienholders to foreclose their mechanics' liens, and to which the other lienholders, as well as Healey and Resser, were made defendants, judgment was rendered April 7, 1892, adjudging the claims of all the lienholders to be specific liens on the premises superior to the lien of Resser's mortgage, and ordering the premises sold to satisfy the claims. The land was sold May 24, 1892, the sale confirmed, and a certificate of sale issued to the defendant as purchaser. From this sale there has been no redemption. Resser had foreclosed his mortgage by advertisement on April 27, 1891, and bid in the property himself, and had assigned the certificate of sale to plaintiff in June, 1891; but this assignment was never recorded, and neither the defendant nor any of the parties to the "lien action" had any notice or knowledge, actual or constructive, of this assignment, until after entry of judgment in the action. We are of opinion that, upon this state of facts, plaintiff's unrecorded assignment of the certificate of sale was cut out by the judgment in the lien suit, under the provisions of the "recording act." 1878 G. S. ch. 40, § 21.

There is no warrant in the language of the statute for limiting it to judgments in favor of creditors where a lien is acquired by docketing. Its language is very broad: "Any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record." It seems to us that this applies to any judgment determining or affecting the title of the person in whose name such title appears of record, and that any such judgment will equally affect the title of a grantee from that person under an unrecorded conveyance. We are aware that this view is somewhat in conflict with former utterances of this court, notably in *Johnson* v. *Robinson*, 20 Minn. 189 (Gil. 169), and *Windom* v. *Schuppel*, 39 Minn. 35, (38 N. W. 757.) In most states, where the protection of recording acts has been extended to others than purchasers under conventional conveyances, it has been, by the express terms of the statute, limited to "creditors" or "judgment creditors"; that is, creditors of the grantor in the unrecorded conveyance. It can be readily seen how easy it was to fall into the error of assuming, without carefully considering its language, that our statute was to the same effect. But its language is much broader, and was, we think, intended to have a much wider application. It

is well known that judgments or decrees are often essential links in the chain of record title, the decree frequently having the effect of a conventional conveyance. In dealing with real estate these decrees or judgments are necessarily relied on to the same extent as recorded conveyances. But if, notwithstanding a valid judgment against the party in whose name the title appears of record affecting that title, such judgment does not also affect the title of a grantee of that party under an unrecorded conveyance, then no one could ever safely deal with any property where such a judgment was one of the links in the chain of title. Such cases are clearly within the mischiefs intended to be prevented by recording acts, and we have no doubt they are within both the spirit and language of our statute.

There is nothing in the points that Resser did not have such title as the statute contemplates prior to the expiration of the period for redemption, or that the assignment of the certificate of sale was not a "conveyance" within the meaning of the recording act.

. The point is also made that there is no finding that the certificate of sale to Resser was of record when the judgment in the lien suit was rendered. We think it is evident from the record that no such point was made in the court below, but we do not see that it is at all material, inasmuch as the mortgage itself was recorded. The nature or sufficiency of the notice of *lis pendens* filed in the "lien suit" has no bearing on any question involved in the present action.

Judgment affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 144.)