EDWIN H. HALL and Another v. WILLIAM SAUNTRY and Others.

June 2, 1898.

Nos. 11,152—(118).

**Judgment—Collateral Attack.**

In an action where the court has jurisdiction over the parties and the subject-matter, a judgment therein rendered cannot be impeached collaterally.

**Judgment against Record Owner Valid against Grantee of his Unrecorded Deed—Berryhill v. Smith, 59 Minn. 285, Followed.**

Berryhill v. Smith, 59 Minn. 285, followed, to the effect that, under G. S. 1894, § 4180, "every such conveyance [of real estate] not so recorded shall be void * * * as against * * * any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance," applies to a judgment affecting the title to real property, where such title appears of record in the name of the person against whom the judgment is returned.

**Refusal to Make Findings—Error.**

The trial court refused to make findings as to material issues. *Held* error.

Appeal by plaintiffs from an order of the district court for Itasca county, Holland, J., denying motions to amend the findings, for a new trial, and for judgment in favor of plaintiffs. Reversed.

*Keyes & Baldwin,* for appellants.

*A. T. Ankeny* and *Clapp & Macartney,* for respondents.

BUCK, J.[1]

Hall and Brown brought this action for the purpose of determining the adverse claims of the defendants to a quarter section of land situate in Itasca county. William Sauntry and wife, Frederick Weyerhaeuser and wife, and E. Rutledge and wife answered, alleging title in F. Weyerhaeuser and William Sauntry. The trial court found the following facts:

(1) "That one Pierre Paul entered the land described in the complaint at the United States land office in Duluth, Minn., on the 6th day of October, A. D. 1873, to whom a patent was issued therefor, dated May 15, 1874, and duly recorded on the 30th day of October, 1883, in Book G of Deeds, on page 9; that the title acquired by said Pierre Paul under said entry and patent was duly conveyed to and vested in one James R. Park by warranty deed, dated October 25, 1873, and duly recorded on the 15th day of November, 1873, in Book C of Deeds, on page 159; that thereafter the title so acquired by said James R. Park was duly conveyed to and vested in the Cloquet Lumber Company by and through a warranty deed, dated May 25, 1889, and duly recorded on the 18th day of June, 1889, in Book D of Deeds, on page 212; and that the title so acquired by said Cloquet Lumber Company was duly conveyed to and vested in the said defendant E. Rutledge by and through a warranty deed, dated August 23, 1893, and duly recorded on the 1st day of December, 1896, in Book O of Deeds, on page 339; and that the undivided two-thirds of the title so acquired by said defendant E. Rutledge was thereafter duly conveyed to and vested in the said defendants William Sauntry and F. Weyerhaeuser."

(2) "That the Pierre Paul who entered said land, and to whom the patent issued therefor, died in Hennepin county, Minn., in the year 1887, and was, at the time of his death, about 87 years old; and that said Pierre Paul, at the time of his death, and for 25 years prior thereto, was a resident of Hennepin county."

(3) "That the plaintiffs claim title to the land in question under a quitclaim deed from another Pierre Paul; that the Pierre Paul under whom they claim title never resided in Hennepin county, never entered the land in question, nor authorized anyone to enter

[1] COLLINS, J., absent.

it for him, and was always an entire stranger to such title; that the last-named Pierre Paul is about 66 years old, and that he never personally received any consideration from plaintiffs for the conveyance to them of such land."

And, as a conclusion of law, the court found that the defendants were the owners in fee simple of the land described in the complaint, and that plaintiffs have not, and never had, any right, title, or interest in said land, or any part thereof; and it was ordered that judgment be entered accordingly. Plaintiffs appeal and assign a large number of errors, only part of which need be considered.

The alleged errors numbered 1 to 6, inclusive, are made upon the ground that the trial court refused to make any finding as to

(1) "Whether a person by the name of Pierre Paul commenced an action in the district court in and for Itasca county, Minnesota, against the Cloquet Lumber Company, in which action said Pierre Paul claimed to be the owner of the land in the complaint herein described and prayed to have the title to said land adjudged to be in him, said Pierre Paul, and to have the rights of said Cloquet Lumber Company adjudged and determined."

(2) "Whether judgment was rendered in said action of Pierre Paul against said Cloquet Lumber Company adjudging said Pierre Paul to be the owner of said lands."

(3) "Whether a certified copy of said judgment was recorded in the office of the register of deeds of said Itasca county, Minnesota, and at what time said certified copy was so recorded."

(4) "Whether, at the time of the commencement of said action of Pierre Paul against said Cloquet Lumber Company, the deed from the said Cloquet Lumber Company to E. Rutledge was recorded."

(5) "Whether, at the time said judgment was rendered in said action of Pierre Paul against said Cloquet Lumber Company, said deed from said Cloquet Lumber Company to E. Rutledge was recorded."

(6) "Whether, at the time a certified copy of said judgment rendered in said action of Pierre Paul against said Cloquet Lumber Company was recorded, the deed from said Cloquet Lumber Company to E. Rutledge was recorded in said county."

Upon all these points or questions there was ample evidence to require a finding of the trial court, which finding was necessarily material to the rights of the plaintiffs, but the court refused to make any finding upon any of said points or questions. We have quoted the entire finding of facts by the trial court.

The undisputed testimony shows that one Pierre Paul, Jr., commenced an action in the district court of Itasca county against the Cloquet Lumber Company. The summons and complaint therein are, respectively, dated January 28, 1895 (the time of service of the summons not appearing), and the answer is dated July 10, 1895. In the complaint Pierre Paul alleges that he is the owner in fee of the premises herein in dispute; that the lands are vacant and unoccupied; that defendants have, or claim to have, some interest in said land adverse to the claims of plaintiff; and prays that he be adjudged the owner in fee of said lands, free from any incumbrance or claim of defendants. The defendants answered, denying that plaintiff was the owner of said land, or that he had any interest therein; but defendants disclaimed any interest or estate in, or lien or claim on, said land. Upon a hearing of the action, September 10, 1896, in the district court of Itasca county, the trial court found that the material allegations of the complaint were true, and, as a conclusion of law, that the defendants had no right, title, or interest in the lands described in the complaint, and that plaintiff was entitled to judgment accordingly. On September 15, 1896, judgment was entered as ordered.

Thereafter, on September 25, 1896, Pierre Paul and his wife, by quitclaim deed, conveyed the premises to plaintiff Hall, which deed was duly recorded October 15, 1896, in the office of the register of deeds of said county of Itasca. Subsequently, and on November 30, 1896, Hall, by an instrument in writing, under seal and acknowledged, sold and transferred all the pine timber on said premises to the plaintiff Brown.

It thus appears from the foregoing facts that the Cloquet Lumber Company became vested with the title in fee to the premises on May 25, 1889, by deed from Parks, which deed was duly recorded June 18, 1889. This title remained in the Cloquet Company until August, 1893, when, by warranty deed, it conveyed said premises to E. Rutledge, who did not record said deed until December 1, 1896. It is to be noted that it was while E. Rutledge held his unrecorded deed from the Cloquet Lumber Company that Pierre Paul commenced his action against the company, had a trial thereon, and

judgment therein entered, as hereinbefore stated. This probably explains why the Cloquet Lumber Company disclaimed any ownership in the premises in its answer in the suit commenced against it by Pierre Paul, because it did not then own the premises, and had no interest therein; and it does not appear to have given Rutledge any notice of this action of Pierre Paul against it. In said action, the court appears to have had jurisdiction over the parties and of the subject-matter, and judgment was entered before Rutledge placed his deed upon record, and while the title of record stood in the name of the Cloquet Lumber Company.

It is conceded by these appellants, for the purposes of this appeal only, however, that the land in controversy was patented to Pierre Paul, the father of the Pierre Paul who was plaintiff in the case of Pierre Paul against the Cloquet Lumber Company, and the grantor of the plaintiff Hall in this action, and that the said company held the record title to the land through conveyances from the senior Pierre Paul. But the effect of the former judgment of Pierre Paul, Jr., against the Cloquet Lumber Company, was to establish the title to the premises in Pierre Paul, Jr., as against the Cloquet Lumber Company, in whose name the title then stood of record, and against Rutledge, who did not record his deed until after the judgment was entered, and the conveyances were made from Pierre Paul, Jr., to Hall, and from him to Brown, and these conveyances were duly recorded. Of course, Sauntry and Weyerhaeuser, the grantees of Rutledge, have no greater rights in the property than Rutledge had upon the entry of the judgment against him in favor of Pierre Paul, Jr.

The attack in this action upon the former judgment is purely a collateral one, and it cannot be successfully assailed in this manner. If the action had been a direct one by Rutledge against Paul, Jr., under G. S. 1894, § 5434, to set aside the judgment for fraud, or for any of the causes therein mentioned, a different question would have arisen; but here the attack is made and sought to be upheld as against the judgment rendered by a competent tribunal, where the plaintiffs are the privies of Pierre Paul, Jr., and the defendants privies of the Cloquet Lumber Company. But there is no essential element or material fact in the judgment record showing want of

jurisdiction in the court, which rendered judgment upon the merits. Such a judgment is not void. Thus we have a judgment lawfully obtained, so far as disclosed by the record, at the suit of a party against the person (Cloquet Lumber Company) in whose name the title to the land appears of record prior to the recording of the conveyance to Rutledge and his privies.

G. S. 1894, § 4180, and the case of Berryhill v. Smith, 59 Minn. 285, 61 N. W. 144, control this case. In that case it was said, at page 288:

"There is no warrant in the language of the statute for limiting it to judgments in favor of creditors where a lien is acquired by docketing. Its language is very broad: 'Any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record.' It seems to us that this applies to any judgment determining or affecting the title of the person in whose name such title appears of record, and that any such judgment will equally affect the title of a grantee from that person under an unrecorded conveyance. * * * It is well known that judgments or decrees are often essential links in the chain of record title, the decree frequently having the effect of a conventional conveyance. In dealing with real estate these decrees or judgments are necessarily relied on to the same extent as recorded conveyances. But if, notwithstanding a valid judgment against the party in whose name the title appears of record affecting that title, such judgment does not also affect the title of a grantee of that party under an unrecorded conveyance, then no one could ever safely deal with any property where such a judgment was one of the links in the chain of title. Such cases are clearly within the mischiefs intended to be prevented by recording acts, and we have no doubt they are within both the spirit and language of our statute."

Upon the record, therefore, we hold that the appellants were entitled to a finding by the trial court upon the questions or points which we have quoted and which are assigned as errors, and it was error for the trial court to refuse to make such finding. If there are other errors, as assigned by the appellants, they will doubtless be avoided upon a new trial, as we refuse to direct a judgment for the plaintiffs.

The order denying the motion for a new trial is reversed, and a new trial granted.