EDWIN H. HALL and Another v. WILLIAM SAUNTRY and Others.[1]

June 27, 1900.

Nos. 12,182—(189).

**Res Judicata.**

    In an action to determine adverse claims, plaintiff shows a title which rests upon a certain judgment. *Held*, following the former decision of this case (72 Minn. 420), that such judgment cannot be attacked in this, a collateral action.

**Collateral Attack upon Judgment.**

    Such judgment cannot be attacked by proof of its satisfaction subsequent to the acquirement of the grantee's rights under it.

**Unfiled Order Satisfying Judgment.**

    An unfiled order of the court declaring a judgment to be satisfied is of

[1] Reported in 83 N. W. 156.

no more effect than an order for judgment, and is inadmissible as evidence of a satisfaction.

### Adverse Claims—Action by Owner of Fee and Owner of Timber—Acquisition of Title by Defendants.

Plaintiff H. held the fee, and plaintiff B. owned the timber upon the land by virtue of a contract. *Held*, plaintiffs together were entitled to maintain an action to determine adverse claims under the allegation of ownership of the premises, and that defendant cannot defeat plaintiff B.'s right to maintain the action by securing a deed of the fee from H. after the commencement of the suit. *Held*, such deed, if offered to prove part of defendant's title, plaintiff was entitled to notice by supplemental pleading.

Action in the district court for Itasca county to determine adverse claims. The case was tried before Holland, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff Brown appealed. Reversed.

*O. W. Baldwin*, for appellant.

*Clapp & Macartney*, for respondents.

LEWIS, J.

The premises in question were entered as public land by one Pierre Paul, October 6, 1873, and patented to him May 15, 1874. October 25, 1873, one Thompson, as attorney in fact for Pierre Paul, purported to convey the lands to one Park, who conveyed to the Cloquet Lumber Company by deed May 25, 1889, recorded June 18, 1889. On August 23, 1893, the Cloquet Lumber Company deeded to E. Rutledge, but the deed was not recorded until December 1, 1896. Defendants Sauntry and Weyerhauser claim title through Rutledge. January 28, 1895, Pierre Paul commenced an action against the Cloquet Lumber Company, who was the apparent owner of record, to determine adverse claims, alleging himself to be the owner in fee, in which action the company appeared by an attorney, and answered and disclaimed any interest in the premises, and on September 15, 1896, judgment was entered in that action adjudging Pierre Paul to be the owner of the lands. September 25, 1896, Paul conveyed the lands to plaintiff Hall, which deed was recorded October 15, 1896. On November 30, 1896, Hall sold the timber on the

lands to plaintiff Brown according to the terms of Exhibit D, hereinafter referred to.

This action was brought by plaintiffs against defendants to determine adverse claims to the premises, and in their complaint they alleged that they were the owners in fee and entitled to the possession, and that the premises were vacant and unoccupied. Defendants answered by denying plaintiffs' title, and claimed title in themselves through the chain above stated. The action was tried by the court, and judgment was entered for defendants, from which plaintiff Brown alone appeals.

Upon the trial plaintiff introduced in evidence, as a part of the chain of title under which he claimed, a certified copy of the judgment in the action above mentioned (Paul against the Cloquet Lumber Company), and also the instrument conveying the timber from Hall to Brown (Exhibit D). Defendants introduced the evidence of their own title as pleaded, and then introduced in evidence a stipulation for an order for the vacation of said judgment, and certain affidavits and evidence tending to show that the Pierre Paul, who was plaintiff in the action against the Cloquet Lumber Company, was not the same person who originally entered the lands. Defendants also introduced in evidence a deed to the premises executed by plaintiff Hall to defendants, which deed was executed on November 10, 1898; and the testimony of one Savage, an agent of defendants, as to certain conversations he had with Hall at the time the deed was executed, tending to show that Hall had not in fact purchased the land from Paul, and that he had paid no consideration for the transfer. All of this evidence above referred to was objected to by plaintiff, and exception taken, and the rulings of the court are assigned as error.

1. The affidavits and evidence tending to show that the Pierre Paul who entered the land was not the plaintiff in the action terminating in the judgment were inadmissible, because it amounted to a collateral attack upon the judgment. This point was fully discussed and decided in the former decision of this case (72 Minn. 420, 75 N. W. 720).

2. An attempt was made to avoid the effect of that judgment by the introduction of a so-called "stipulation and satisfaction of it."

This stipulation purports to have been signed by Pierre Paul and sworn to by him under date of February 14, 1899, and attached to it is an unfiled order of the court setting aside the judgment and dismissing the action. This was inadmissible for two reasons: First, it amounted to no more than an order for judgment, never having been entered, conceding it to be competent in other respects; and, second, Paul could not thus prejudice the rights of his grantees. All the rights which Paul acquired by virtue of that judgment passed to his grantee when he conveyed the land. Wright v. Parks, 10 Iowa, 342. Again, it is only another way of impeaching the judgment in this, a collateral proceeding.

3. The deed from plaintiff Hall and the testimony of Savage were incompetent, because—First, the execution of that deed took place after the issues had been framed, and the fact should have been set forth by way of supplemental answer. Defendants set up their title in their answer, and plaintiff was entitled to rely on it, and, if defendants sought to prove title through another channel, plaintiffs were entitled to notice by the pleadings. Second, as we understand respondents, their contention is that this deed was competent to show that Hall had parted with his title, and hence was out of the case; and if he, the owner of the fee, is out, plaintiff Brown cannot maintain the action alone, because it is alleged in the complaint that the plaintiffs are owners in fee, and, Brown being the owner of the timber only, he cannot prove title under his contract of sale.

We will not now determine what would be the right of Brown to prove title by the contract under an allegation of ownership, had he been the only plaintiff originally. As the parties stood at the trial with reference to the pleadings, the action could be maintained and the proof taken in the interest of both plaintiffs, and it would be inequitable and unwarranted to permit the interests of the one to be sacrificed by the other in such a manner. For these errors a new trial must be granted.

.Judgment reversed, and a new trial granted.

An application for a reargument having been made, the following opinion was filed July 12, 1900.

PER CURIAM.

Application for reargument having been made by respondents calling attention to the fact that the decision does not purport to cover the tenth finding of fact, we will state that the finding was not overlooked, but was examined, and the court were of the opinion that there was not sufficient evidence to support it, and, inasmuch as a new trial had been granted, it was deemed not advisable to enter upon a discussion of the subject covered by that finding.

Application for reargument denied.