MINNESOTA DEBENTURE COMPANY v. RASMUS JOHNSON.[1]

January 27, 1905.

Nos. 14,140—(143).

**Judgment.**

A judgment is conclusive only against parties thereto and their privies. As to strangers, it is evidence only of its entry, and not of any fact on which it was based.

**Who Is Privy by Estate.**

To constitute one the privy by estate of another, it must appear that he succeeded after the bringing of the action by which he is sought to be concluded to an estate or interest held by the party to the judgment.

**What Judgments Are Evidence Against All Persons.**

The rule that a judgment is admissible in evidence against all the world, as a link in a party's chain of title, does not apply to all judgments. It applies more particularly to judgments in partition proceedings, probate decrees, actions to foreclose mortgages or liens, and to all judgments which operate proprio vigore to transfer title, or such as render valid a disclosed link, which, without the judgment, would be defective or invalid.

**Other Judgments.**

Such rule does not apply to ordinary judgments in actions to determine adverse claims, which do not purport to transfer title, or render valid an otherwise defective link in the chain of title.

**Judgment not Competent Evidence of Title.**

In an action in ejectment, plaintiff, to support its claim of ownership, traced title to the land in controversy from the general government to one George F. Dean, and, to show title in itself, offered in evidence a judgment in an action brought by it against Dean to determine adverse claims, in which action this defendant, who was at the time of its commencement, and when the judgment therein was rendered, in the actual possession of the land, was not a party; and it was not shown that he was the privy of Dean. The judgment did not purport to transfer the Dean title to plaintiff, nor render valid a disclosed defective link in the chain of title. It is *held* that the judgment was not competent evidence of title in plaintiff as against this defendant.

[1] Reported in 102 N. W. 381.

Action in ejectment in the district court for Hennepin county. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of plaintiff for possession of the land and $200 for the detention thereof. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Savage & Purdy,* for appellant.

*Tryon & Booth,* for respondent.

BROWN, J.

Action in ejectment. The facts are as follows: To sustain the allegations of the complaint that plaintiff was the owner of the land in controversy, and entitled to its possession, plaintiff offered in evidence the record of a patent from the United States to one Moffett; the record of a deed from Moffett and wife to one Joseph Dean; the final decree of distribution of the probate court of Hennepin county in the matter of the estate of Joseph Dean, deceased, assigning and decreeing the property to William E. Dean and other heirs; the record of a deed from the heirs of Joseph Dean to George F. Dean; and a judgment in an action brought by this plaintiff against George F. Dean and others, entered on February 4, 1899—and rested its case. Whereupon defendant offered to prove that he was in the actual possession and occupancy of the property in question at the time of the commencement of the action in which the judgment just referred to was rendered, and has since that time continuously remained in the possession of the same. The offer was objected to by plaintiff, and the objection sustained by the trial court, unless defendant would disclose the nature of the title held by him. Defendant declined to include in his offer anything further than to show his actual possession of the land at the time of the commencement of the action referred to, and during its pendency, whereupon defendant rested his case, and the court instructed the jury to return a verdict for plaintiff. Defendant subsequently moved for a new trial, which the court denied, and he appealed.

The merits of the controversy respecting the title to the land are not now before the court. The question presented narrows down to whether plaintiff, by its evidence, made a case for recovery against defendant. The contention of plaintiff is that the judgment in the ac-

tion against Dean established at least a prima facie title superior to the rights arising in defendant's favor from his possession of the land, while defendant insists that the Dean judgment is not evidence against him of any right or title in plaintiff, and that his actual possession at the time the judgment was rendered, and continuous occupancy since, are superior to any title shown to be in plaintiff. We think defendant's contention is technically correct, and that the trial court erred in excluding the offer to show his possession.

The action is one in ejectment, and plaintiff must recover, if at all, upon the strength of its own title, and not upon the weakness of that of defendant. The burden of proof in such actions is upon plaintiff, and defendant may "fold his arms and await the establishment of the plaintiff's title." 10 Am. & Eng. Enc. (2d Ed.) 532. If plaintiff fails in his proof of title, he cannot recover, however weak or defective defendant's title may be. Plaintiff's title in the case at bar is founded wholly upon the judgment against Dean. It does not exhibit any independent title, nor any right nor interest which the judgment converted into a title. It is clear that the judgment, unless it operated to transfer the Dean title to plaintiff, or is a link in the chain of title, is not evidence against defendant. The judgment was rendered in an action against Dean and others to determine adverse claims to the land, the complaint in which alleged that plaintiff was the owner of the property, and that defendant Dean and others claimed some right, title, or interest therein, and that such claim was wholly void and without foundation. While the action was brought against Dean and "all unknown parties claiming an interest in the land," the judgment rendered by the court was limited to the rights of defendants expressly named therein. It did not purport to adjudicate the rights of any unknown parties, and defendant was not bound thereby as an unknown party.

It is elementary that a judgment is conclusive only against the parties thereto and their privies. As to strangers, it is evidence only of its entry, and not of any fact on which it was based. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248; Harper v. East Side Syndicate, 40 Minn. 381, 42 N. W. 86; Hartman v. Weiland, 36 Minn. 223, 30 N. W. 815; County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944. Defendant was not a party to that action, is not bound by it as such, and it does not appear that he holds possession of the land as a privy of

Dean. To constitute one the privy of another in cases of this kind, it must appear that he succeeded, subsequent to the bringing of the action by which he is sought to be concluded, to an estate or interest held by the party to the judgment. 24 Am. & Eng. Enc. (2d Ed.) 746. In order that the judgment may be evidence against defendant as a privy of Dean, it must appear, therefore, that after the commencement of that action he succeeded to the title of Dean, or holds possession under or through him. Carroll v Goldschmidt, 83 Fed. 508, 27 C. C. A. 566; Blew v. Ritz, 82 Minn. 530, 85 N. W. 548. This does not appear, and, if it was a fact, the burden was upon plaintiff to show it.

But it is urged by plaintiff that the judgment amounted to a link in the chain of title; that it, in effect, operated to transfer the Dean title to plaintiff; and that, under the recording act, it was competent evidence, and superior to the rights of defendant arising from mere possession. The cases of Hall v. Sauntry, 72 Minn. 420, 75 N. W. 720, and Berryhill v. Smith, 59 Minn. 285, 61 N. W. 144, are relied upon to support the position. Neither case is, however, in point. The rule that a judgment is admissible in evidence against all the world as a link in a party's chain of title does not apply to all judgments. It applies more particularly to judgments in partition proceedings, probate decrees, actions to foreclose mortgages and liens, judgments for the recovery of money, which become liens upon the property and are enforced by execution—in fact, to judgments rendered in all actions, the object of which is to acquire a title held by the adverse party. All such actions, except those for the recovery of money, are in rem, strictly, and there can be no question as to the admissibility of judgments rendered therein as links in the chain of title. The proceedings to enforce the money judgment are in rem, and the judgment is admissible in connection therewith. But actions to determine adverse claims and to remove clouds from a title, while equitable in their nature, are not, strictly speaking, actions in rem, except, perhaps, where the relief demanded is a transfer of title. Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773.

A judgment is admissible in evidence, therefore, as a link in the chain of title, only where it transfers title or renders valid a particular link, which without the judgment would be defective or invalid; and

the particular link thus rendered valid must, as to a person not bound by the judgment, be shown.

Prior to statutory enactments changing the rule, a decree of a court of equity in actions of this kind, while declaring the equitable estate or interest of plaintiff to exist, did not operate by its own intrinsic force to vest in him the legal title to the property. The decree was not itself a title, nor did it, directly or indirectly, transfer the title from the defendant to the plaintiff. That rule has been changed and modified by statute. In many of the states the statutes declare expressly that such a decree shall operate to transfer the title of the land involved to plaintiff. In others, among which is our own state, the court is empowered by statute to so decree. 1 Pomeroy, Eq. Jur. § 428; 3 Pomeroy, Eq. Jur. § 1317; G. S. 1894, § 5864. By that statute the courts of this state are expressly empowered to pass title to land by judgment and decree where such relief is appropriate. But an ordinary judgment and decree quieting title to land, removing clouds, or determining adverse claims does not operate proprio vigore to vest or transfer title. Reed v. Reber, 62 Ill. 240. It can have that effect only when it so decrees in express terms.

The judgment relied upon by plaintiff in the case at bar does not purport to transfer the title of Dean to plaintiff, nor was that action brought for the purpose of acquiring that title. On the contrary, it was brought upon the expressly alleged claim that Dean had no title to the land, and for the purpose of extinguishing all title or claims of title held by him, and such was the relief granted by the judgment. It would be a departure from settled rules to hold that an ordinary judgment in an action to determine adverse claims to land, obtained by a total stranger to the title against a person appearing of record to be the owner, but who in fact was not, operates to transfer title, or constitutes a link in the chain of title, and is admissible in evidence as such against the true owner, who was not a party to nor bound by the judgment.

The judgment in the case of Berryhill v. Smith, supra, was rendered in an action to foreclose a mechanic's lien—an action purely and strictly in rem. Plaintiff there, by his action to foreclose the lien, connected himself with the title to the land; and the judgment, with subsequent proceedings thereunder, operated to transfer to him the

title of the defendants in that action.    Not so in the case at bar.    For aught that appears in the record, plaintiff, at the time it commenced the action against Dean, was a total stranger to the title, for no evidence of title, lien upon, or interest in the property was exhibited or shown.    Had it appeared that plaintiff's action was founded, in fact, upon some claim of title, and that the judgment of the court confirmed the same and extinguished the adverse claims of Dean, it would have connected itself with the title, and its judgment, under the recording act and the decision in the Berryhill v. Smith case, would constitute a link in the chain of title, and be prima facie superior to the actual possession of defendant, even though it did not appear that defendant was a privy of Dean.

The case of Hall v. Sauntry, supra, is clearly distinguishable.    It appears from the record in that case that the government of the United States granted to one Pierre Paul the land in controversy.    It appears further that there were two persons by the name of Pierre Paul, distinguished in the record as Pierre Paul, Sr., and Pierre Paul, Jr.    Pierre Paul, Sr., conveyed the land to one Park, and Park, in turn, conveyed it to the Cloquet Lumber Company.    The patent and both deeds were properly recorded.    The Cloquet Lumber Company subsequently conveyed to one Rutledge, and Rutledge, in turn, to one William Sauntry.    Neither the deed to Rutledge, nor the one from Rutledge to Sauntry, was recorded, and the land was vacant and unoccupied.    With the title standing of record in the name of the Cloquet Lumber Company, though it had previously conveyed to Rutledge, Pierre Paul, Jr., claiming to be the patentee of the land, brought an action against the lumber company to determine adverse claims thereto.    The lumber company answered, disclaiming any right or title; and judgment was ordered for the plaintiff—that he was the owner of the land, and that the lumber company had no estate or interest therein.    Subsequently Paul, Jr., conveyed the land to Hall, plaintiff in the action of Hall v. Sauntry, supra.    The deed was duly recorded.    Sauntry claimed to own the land under his unrecorded deed, and Hall brought that action against him to determine adverse claims.    The court held, on the facts stated, that the judgment recovered by Pierre Paul, Jr., against the Cloquet Lumber Company, was a link in the chain of title, and, as the defendant therein, Sauntry, acquired his title through the Cloquet

Lumber Company, defendant in the Pierre Paul action, he held in privity with the company, was bound by the judgment, and could not impeach it collaterally.

It appears from the record that Pierre Paul, Jr., was not a total stranger to the title, but, on the contrary, that he claimed to be the original patentee, and that Pierre Paul, Sr., had no title or interest therein, and no right to convey the land to Park, through which conveyance the Cloquet Lumber Company acquired its title. It is true that the deed under which Sauntry claimed to own the land was executed prior to the commencement of the action in which the judgment was rendered, but it did not become operative or of force as to third parties until it was recorded, and the evidence shows that it was recorded subsequent to the entry of judgment. Sauntry was therefore a privy of the lumber company. In the case at bar, as has already been suggested, it does not appear whether defendant obtained whatever title he may have in the land in question through Dean, or that he holds possession in any way in privity with him. He was not, therefore, bound by the judgment under which plaintiff asserts title to the land. In order to render the judgment effective against him—he being in the actual possession of the land at the time it was rendered—the burden was upon plaintiff affirmatively to show that he holds the same under or through Dean, or exhibit the title or right upon which it obtained the judgment, and which was thereby confirmed.

It was urged by plaintiff that defendant is a mere squatter, occupying no better position than an ordinary trespasser, and is in no position to question the validity of plaintiff's title. According to the offer of evidence, he was in the actual possession of the land at the time plaintiff obtained its judgment, and is still in possession, which possession amounts in law to prima facie title. Mere possession has been held sufficient, upon which to maintain an action to determine adverse claims to real property. Child v. Morgan, 51 Minn. 116, 52 N. W. 1127. And if sufficient for that purpose, it is certainly available in defense in an action in ejectment against a plaintiff who produces no competent evidence of title against the person so in possession. Miller v. Blackett, 47 Fed. 547. As defendant was not a party to the judgment, nor bound thereby as a privy of Dean, his actual possession of the land was notice to plaintiff, at the time the action against Dean was com-

menced, of whatever rights he possessed—equivalent to the record of a deed, if he had one—and he has the right to be heard upon the question, if there be one, of the validity of the title or right upon which plaintiff obtained the judgment.

It follows that the trial court erred in excluding the offer of defendant to show his actual possession of the land, and the order appealed from is reversed, and a new trial granted.