FRANCIS M. TALBOT *vs.* SIMON BARAGER and another.

*July 14, 1887.*

Mechanic's Lien — Homestead — Foreclosure — Subsequent Mortgagee.—A mortgagee of a tract of land exceeding 80 acres, including the homestead of the mortgagor, is not bound by a judgment, to which he is not a party, foreclosing a mechanic's lien, and reducing the exempt homestead below the limit of 80 acres. And in default of a lawful selection of his homestead premises to that extent, by the mortgagor, while owned and occupied by him, or by the court, or under its direction, the mortgagee, or his assigns, upon succeeding to the title of the mortgaged premises, including such homestead, may make such selection to the lawful limit, as against such judgment.

Plaintiff brought this action in the district court for Rice county, to restrain the defendants from enforcing a judgment rendered in an

action to enforce a mechanic's lien. The action was submitted to the court, *Buckham*, J., presiding, upon an agreed statement of facts, and judgment was directed for plaintiff. From this judgment the defendants appeal.

The facts agreed upon are as follows, viz.: One Cochran was the owner of a tract of land containing 92 acres, upon which he lived with his family, from 1876 until May 26, 1885. On December 18, 1879, Cochran and wife duly mortgaged this land to one Richardson, who, on September 29, 1883, assigned the mortgage, which was afterwards duly foreclosed by advertisement, the sale being made on May 26, 1884. No redemption was made from this sale, and plaintiff has succeeded to all rights acquired thereunder. On and after May 24, 1879, the defendant Barager, by agreement with Cochran, performed labor and furnished materials which were used in the construction of a grist-mill upon the above tract of land. Cochran failing to pay for this labor and material, Barager filed a duly-verified account to perfect a lien for the same. On July 22, 1880, Barager duly commenced an action against Cochran to enforce the mechanic's lien, and in this action judgment was duly rendered, on January 6, 1881, in favor of Barager, and directing the sale of an irregular portion of the 92-acre tract containing 40 acres, and including the land upon which the grist-mill is situated, but not including the land upon which was situated the residence of Cochran. Richardson was not made a party to the action. Cochran had not at the time of such action, nor has he at any time, selected or set apart his homestead. The defendants are proceeding to enforce the judgment in favor of Barager by a sale of the premises therein described.

*Anson L. Keyes*, for appellants.

*Perkins & Whipple*, for respondent.

VANDERBURGH, J.[1] When the judgment in favor of Barager against Cochran was rendered, the latter was in possession of 92 acres of land lying in one body, 80 acres of which he was entitled to claim as his homestead. Prior to the entry of the judgment, the entire tract had been mortgaged by Cochran to one Richardson, who was not a

[1] Berry, J., because of illness, took no part in this case.

party to the action in which the judgment was obtained, and which action was to enforce a mechanic's lien for labor and materials furnished in erecting a building upon the land, under a contract with Cochran, which lien antedated the mortgage. The plaintiff is the grantee of the purchaser upon the foreclosure sale had under the mortgage referred to. The amount due Barager from Cochran was adjudged a specific lien upon 40 acres, which was described as an irregular tract, and so carved out as to include the building upon which the lien was claimed, and leave 52 acres in a compact form, including the residence of Cochran, as his homestead. The latter was under the statute entitled to select 80 acres as his homestead, and, upon his default or failure to make such selection, it might have been made under the direction of the court, and fixed and declared in the judgment in the action to foreclose the lien; but it would then be the duty of the court, or the proper officer, to select as exempt 80 acres, as allowed by law, the entire tract exceeding that limit. *Kelly* v. *Baker,* 10 Minn. 124, (154;) *Coles* v. *Yorks,* 31 Minn. 213, (17 N. W. Rep. 341;) *Same* v. *Same,* 36 Minn. 388, (31 N. W. Rep. 353;) *North Star Iron Works Co.* v. *Strong,* 33 Minn. 1, (21 N. W. Rep. 740.) But whether Cochran consented to, or was bound by, the judgment or not, the mortgagee, not being a party, certainly was not; and since the judgment could not lawfully be made a lien upon the homestead, the mortgagee acquired the homestead premises exempt therefrom, to the full limit of 80 acres; and if the building upon which the labor was performed was situated on the exempt 80 acres, no mechanic's lien could be enforced at all in this case. As before stated, while Cochran held the title and occupied the premises, he was entitled to make his selection of 80 acres out of the 92-acre tract; but no such selection having been made by him, or by the court, or under its direction, undoubtedly his grantee, who has succeeded to his right, is entitled to make such selection to the full extent of 80 acres. The plaintiff is not bound by the judgment, which cannot be enforced against the premises in its present form, and the sale thereunder was rightly enjoined. Such judgment could not be modified upon motion in this action.

Judgment affirmed.