## CONKLIN et al. v. WEHRMAN.

*(Circuit Court, N. D. Iowa, W. D. June 14, 1889.)*

1. EQUITY—LACHES—RESTRAINING ACTIONS AT LAW.
   Equity can restrain actions in ejectment on the ground that the plaintiff therein is estopped by laches from maintaining such actions, and a complaint which seeks to restrain such actions, and to quiet complainant's title, is good against a demurrer to the whole bill.

2. SAME—WRITS—SERVICE—NON-RESIDENTS.
   An attachment was issued in Iowa in a suit against W., and levied on realty therein, the notice being served personally on W. in Wisconsin. Judgment was entered by default against W., and the property ordered sold. In 1862 the attachment plaintiff brought an action to set aside a conveyance of the land by W. to F., as made in fraud of his rights, and notice was served on defendants personally in Wisconsin. A decree was entered subjecting the land to the execution in the attachment proceedings. *Held* that, while the personal service may not have been sufficient to authorize a personal judgment against F., it notified him that proceedings were being taken to subject the land to sale as the property of W., and that he, having remained inactive for 25 years, and failed to perform any of the duties of an owner, such as listing the property, and paying taxes, was estopped to maintain ejectment for the land.

In Equity. Bill to quiet title and enjoin actions in ejectment. On demurrer to bill.

*E. C. Herrick, W. L. Joy,* and *Warren Walker,* for complainants.

*J. W. Bull* and *Chas. A. Clark,* for defendant.

SHIRAS, J. The defendant herein, Frederick Wehrman, brought several actions in ejectment on the law side of the court against the several complainants herein, claiming to be the owner of and entitled to the possession of certain realty situated in O'Brien county, Iowa. Thereupon the complainants filed a bill in equity, asking that the actions at law be stayed until the hearing upon the bill, and setting forth various matters upon which equitable relief is sought. To this bill a demurrer was filed, and the questions thereby presented have been very ably argued by counsel. From the allegations of the bill it appears that on the 1st day of December, 1859, one Adolph Wehrman, the father of defendant, received a patent from the United States, covering the land in question, and on the 17th day of December, 1859, he executed a conveyance of some 2,060 acres to the defendant, which conveyance was placed upon record. On the 14th day of January, 1861, the firm of Greeley, Gale & Co. commenced an action in the district court of O'Brien county, Iowa, against Adolph Wehrman, based upon a judgment obtained in the circuit court of Pierce county, Wis., for the sum of $1,940.30, and dated May

12, 1860, and which in turn was based upon the notes of said Adolph Wehrman, executed prior to December, 1859. The said Adolph Wehrman being a non-resident of Iowa, a writ of attachment was issued in the suit brought in the district court of O'Brien county, and was levied upon the realty in question, notice of the pendency of the action being served upon Wehrman personally in Pierce county, Wis. Upon application of plaintiffs in the attachment suit, the same was removed to Woodbury county, and at the September term, 1861, of the district court of the latter named county a judgment by default was entered against Adolph Wehrman, and the property attached was ordered to be sold in satisfaction of the judgment. At the June term, 1862, of the district court of O'Brien county the plaintiffs in said attachment proceedings filed a petition in equity against the said Adolph Wehrman and Frederick Wehrman, setting forth the prior proceedings, the rendition of the judgment in the attachment case, and averring that the conveyance of the land from Adolph to Frederick was fraudulent and void as against creditors, being made without consideration, and for the purpose of defeating the collection of the debt due said firm of Greeley, Gale & Co., and praying that such conveyance be set aside and annulled, and the realty be decreed to be subject to the lien of the judgment in the attachment suit. Notice of this proceeding in equity was served personally upon each of the Wehrmans in the state of Wisconsin in accordance with the provisions of the Iowa statute, and at said June term, 1862, a decree by default was entered declaring the conveyance to Frederick Wehrman to be void, and that the realty was subject to sale under said execution issued in the attachment case against Adolph Wehrman. In pursuance of this decree the land was sold upon the execution, and purchased by Carlos S. Greeley. On the 31st day of December, 1864, a sheriff's deed was executed to the purchaser, and duly recorded.

It is also averred that the land in question was subject to taxation for the years 1858 and 1859; that Wehrman neglected to pay the taxes; that the lands were sold for the delinquent taxes assessed thereon in Woodbury county, to which O'Brien county was then attached, the sale taking place in O'Brien county on the 22d day of December, 1860; that the same were sold to C. C. Orr, to whom a tax-deed was executed on the 28th day of June, 1866, and recorded July 7, 1866; that on the 6th day of May, 1871, the said Orr executed to said Carlos S. Greeley a quitclaim deed of said realty; that the present complainants claim title under said Greeley, the several conveyances thereof being set forth in the bill; that complainants have since the purchase of the land for value in 1881, 1882, and 1884, been in the open and notorious possession of the realty, putting the same under cultivation, and erecting thereon substantial buildings, and making other valuable improvements; that when the sale of the realty was had to said Greeley the lands were wholly unimproved, and of little value; that the said Adolph Wehrman, by the satisfaction of the judgment against him, received the fair value of the lands at that time; that by the improvements since put upon the same the value thereof has been greatly increased; that neither Adolph

nor Frederick Wehrman have ever paid any taxes upon said lands, but that the same from the date of the entry thereof in 1859 to the present time have been paid by complainants, or those under whom they claim title; that although said Frederick Wehrman had actual notice of the proceedings affecting said realty and the title thereof, he never sought to set the same aside, nor did he make claim to the land, nor did he perform any of the duties nor assert any of the rights of an owner of such realty, and for 27 years allowed the lands to remain without asserting any interest therein, and that he is by his own laches equitably estopped from asserting any informalities or objections in and to the several proceedings under which complainants claim title, or from asserting a claim to the realty. In support of the demurrer it is urged that upon the face of the bill and the exhibits made part thereof it appears that the writ of attachment issued in the action against Adolph Wehrman was void for want of a proper seal; that the judgment entered in the case is in form *in personam*, and therefore void, because the court had no jurisdiction of the person of defendant, the original notice having been served without the territorial jurisdiction of the court; that if the judgment is held to be *in rem* it is void because the attachment was void for want of a seal, and therefore the court had not obtained legal jurisdiction over the property; that the decree in the equitable proceedings against Adolph and Frederick Wehrman is of no validity, because the parties were non-residents of Iowa, did not appear in the suit, and the original notice therein was served upon defendant in Wisconsin; that the Orr tax-title is void because made in O'Brien county by the officers thereof, who were without authority to make sale of the property; that the equitable estoppel relied upon cannot be made the basis for an affirmative decree restraining further proceedings in the law actions; that an equitable estoppel is only available as a defense; that an equitable estoppel cannot be predicated on the facts alleged in the bill, because when the expenditures for taxes and improvements were made the complainants knew, or could have known from the record, the condition of the title and were charged with the knowledge of the adverse claims of the defendant; that mere silence and inaction on part of defendant would not constitute fraud, actual or constructive, on his part, and that defendant is not chargeable with laches defeating his right to proceed by ejectment to obtain possession of the realty. If it be admitted that the proceedings in attachment did not for any reason ripen into a valid legal title, so that the complainants could not at law show a good title to the land, then the question arises whether the facts are such as to constitute an estoppel upon Frederick Wehrman in favor of complainants. According to the averments of the bill he knew in 1862 that Greeley, Gale & Co. were seeking to subject the realty to the payment of their claims, and had brought a bill in equity to have declared void the conveyance to himself. While service of the notice in such proceeding in the state of Wisconsin may not have conferred jurisdiction upon the Iowa court to render a personal judgment thereon, binding upon said Wehrman, nevertheless it notified him that proceedings were in fact

being taken for the purpose of subjecting the land to sale as the property of Adolph Wehrman. With this knowledge he remained wholly silent and inactive from that date until the bringing of the actions in ejectment,—a period of over 25 years. During this period of time he never asserted title to the realty and never performed or sought to perform any of the duties of an owner thereof. Under the statutes of Iowa it is made the duty of owners of realty in the state to see that the same is properly assessed, and to pay the taxes thereon. Code Iowa, § 852. According to the averments of the bill Wehrman never paid any of the taxes on the land, nor did he ever see to it that the lands were listed in his name as owner, and properly assessed. Had Wehrman, instead of bringing an action in ejectment, filed a bill in equity to remove the clouds upon and quiet the title of the realty, is it not clear beyond all question that a court of equity would have refused to aid him on the ground of laches? Can a person take a title to land, place the same on record, and then for 25 years stand by, knowing that others are asserting rights to the same, and then expect a court of equity to aid him in clearing up the title, and restore the land to him, when he wholly fails to explain the long delay on his part? It is not necessary to cite authorities in support of the proposition that under such circumstances a court of equity would refuse its aid, and, by dismissing the bill, would practically affirm the title of the parties in possession. It is, however, urged that, while a court of equity might refuse its aid when its jurisdiction was invoked by the one guilty of laches, it cannot grant a decree restraining the actions at law at the suit of the parties claiming the benefit of the estoppel. In effect what is sought to be done is to make available against the legal claim of Frederick Wehrman the defense based upon his laches and conduct. The bill in equity is filed as a means for defending against the law actions. The equities and rights of the parties grow out of the facts in existence when the actions in ejectment were brought, and not out of the mere form of the proceedings. Counsel for defendant admits that the bill filed shows ground of jurisdiction in the court of equity. Jurisdiction existing, is not the court justified in entering such a decree as the equities of the case demand? If the facts are such that, if Wehrman was complainant, the court would refuse a decree in his favor on account of laches and an estoppel based upon his conduct, may not the court grant a decree against him when he is a defendant? Complainants seek by the bill filed, not only to make a defense to the actions in ejectment, but also to obtain a decree quieting the title in them. If the actions in ejectment should be dismissed by the plaintiff therein, that would render unnecessary the further prosecution of the bill in equity, so far as it seeks to restrain the prosecution of those actions, but it would still remain as a bill to quiet the title, and, upon the final hearing, if it should appear that complainants were entitled to a decree quieting the title in them, certainly the court would have the power to grant it. Such a decree would bar any actions in ejectment that might be afterwards brought, and, if the court can by its decree bar actions hereafter brought, it can restrain the further prosecution of actions now pending. The

demurrer is to the entire bill. No matter how well taken the objections may be to specific portions of the bill the demurrer cannot be sustained if the bill as a whole shows ground for relief. It is therefore overrul.d.