JOHN F. McCARTHY *et al. vs.* LLEWELLYN GROFF *et al.*

Argued Feb. 1, 1892. Decided Feb. 5, 1892.

**Findings of Fact Insufficient.** — Order granting a new trial affirmed on the ground that the findings of fact were insufficient to support a judgment.

**Lien Statement, when Filed in Time.**—Complete performance of a contract for labor and material in the construction of a building was postponed at the request and for the accommodation of the owner, to give him an opportunity to raise money with which to pay for completing the building. The contract was treated by both parties as still in force, their intention being that, as soon as the owner raised the necessary funds, the contractors would complete their contract, and by agreement between them the contractors continued from time to time to do a small amount of work on the contract to keep their lien alive in case the owner failed to raise the money. Finally, the owner having failed to raise the funds, by agreement of the parties the contract was considered at an end. *Held,* that a claim for a lien for what had been done under the contract, filed within 90 days after the performance of the last item of work, was good.

Appeal by plaintiffs, John F. McCarthy and John P. Courtney, from an order of the district court of Hennepin county, *Hicks,* J., made September 28, 1891, granting the motion of defendant H. F. Balch for a new trial.

Defendant Llewellyn Groff employed plaintiffs, November 7, 1887, to furnish materials for, and to do the plumbing and gas fitting for, a house he was constructing on a lot owned by him in Minneapolis.

They did the work when requested as the building progressed, but work on it was suspended and the plumbing could not be completed. Their total bill was $1,280. Of this amount, $1,235.06 was done prior to November 9, 1888; $39.50 at various times in 1889; $3.50 in January, 1890, and $1.94 on March 29, 1890. Plaintiffs did the latter part mainly to keep on foot their right to a lien. They made a lien statement on June 26, 1890, and had it recorded. Groff conveyed the property on February 13, 1888, to his father-in-law, the defendant H. F. Balch, to hinder and delay his creditors, and the deed was recorded on that day. But Groff was employed by Balch, and continued in the charge and supervision of the work, and plaintiffs had no actual notice of the conveyance. On February 3, 1891, Balch conveyed the property to the defendant Theodore Wetmore. The other defendants were lien claimants or held incumbrances on the property.

This action was commenced February 7, tried June 15, and findings were filed September 12, 1891, directing judgment for plaintiffs for $1,090.68, and declaring it a lien on the property. The findings contained no statement when the last item of plaintiffs' claim was furnished, or that the lien statement was filed within 90 days thereafter. The findings were silent on these points. Defendant Balch moved for a new trial on the ground that the decision was not justified by the evidence, and for errors of law occurring at the trial and excepted to by him. The motion was granted, and a new trial ordered, and plaintiffs appealed.

*John W. Perkins,* for appellants.

The delay in the completion of the work will not deprive plaintiffs of their lien. *Gross* v. *Daly,* 5 Daly, 540; *Amidon* v. *Benjamin,* 126 Mass. 276; *Cole* v. *Uhl,* 46 Conn. 296; *Manhattan Life Ins. Co.* v. *Paulison,* 28 N. J. Eq. 304.

The item of March 29, 1890, was a part of the contract, was done under it, and was necessary to be done in order to fulfill it. *Hubbard* v. *Brown,* 8 Allen, 590; *Cole* v. *Uhl,* 46 Conn. 296.

The mere fact that at the time the work was done plaintiffs had an additional reason for doing it, to wit, to preserve the lien, is immaterial. It was no fraud on Balch, for 90 days had not elapsed

since the last previous work had been done, on January 31, 1890. Plaintiffs might have filed their lien March 29, 1890, and the fact that they did not do so, but granted a favor and gave more time, should not be used against them, and cause them to lose their claim. Balch lost no rights by this delay, for when he bought the property it was subject to this lien, and it never was free from this liability thereafter. Phil. Mech. Liens, §§ 220, 221, 227, 228; *Monroe* v. *West*, 12 Iowa, 119; *Miller* v. *Barroll*, 14 Md. 173.

*Edward H. Crooker*, for respondent.

The omission from the findings of the date the last item of plaintiffs' account was furnished, and the failure of the court to find that the lien statement was filed within 90 days thereafter, render the direction for judgment erroneous, and fully justify the order for a new trial. Laws 1889, ch. 200, § 8; *McDonald* v. *Ryan*, 39 Minn. 341.

Plaintiffs cannot maintain their lien as against Balch unless the deed to him was void as to plaintiffs, as a conveyance to defraud creditors, or unless Groff was Balch's agent to complete the building. The evidence on both of these points is sufficiently conflicting to allow of two opinions thereon. If such is the case, the order of the trial court is to be upheld. There is certainly a sufficient conflict of evidence to allow of a new trial. *Pacific Rolling Mill Co.* v. *Telegraph Hill Co.*, 79 Cal. 340; *Pico* v. *Cohn*, 67 Cal. 258.

If Groff is to be regarded as the agent of Balch after the deed to him, then the arrangement with plaintiffs to delay the work and keep the lien alive was a fraud on Balch, the principal, and beyond the agent's authority. The record of the deed was notice to appellants of the conveyance. *Panama & S. P. Tel. Co.* v. *India-Rubber Gutta Percha & Tel. Works Co.*, L. R. 10 Ch. App. 515; *Hegenmyer* v. *Marks*, 37 Minn. 6; *Western Union Tel. Co.* v. *Union Pac. Ry. Co.*, 1 McCrary, 418.

Plaintiffs abandoned their contract in January, 1889, and did not intend to complete it. But they made an arrangement with Groff to do a little work from time to time, solely for the purpose of keeping their lien alive, and the work in January and March, 1890, was trifling, and done under this agreement solely for that purpose.

Balch knew nothing of this arrangement or of this work, and did not consent to it.   The lien statement was not filed within 90 days after the substantial close of the work.   *Nichols* v. *Culver*, 51 Conn. 177; *Flint* v. *Raymond*, 41 Conn. 510; *Heath* v. *Tyler*, 44 Md. 312.

MITCHELL, J.   As the trial judge filed no memorandum, we are not advised upon what theory of the law he ordered judgment for the plaintiffs, or upon what ground he afterwards granted defendants' motion for a new trial; but as the findings of fact are insufficient to support a judgment in favor of the plaintiffs, and as this court cannot supply findings not made by the trial court, it follows that the order granting a new trial must be affirmed.   It is proper, however, with reference to another trial, that we should indicate our views of the law applicable to the facts as they seem to appear from the evidence.   The facts, or at least as they might have been found from the evidence, were as follows: About November 1, 1887, defendant Groff, as owner, made a contract with plaintiffs by which they were to furnish the material and perform the labor in putting the plumbing and steam-piping into a dwelling house then being erected by him on his own land, and for which he was to pay them the sum of $1,280.   It does not distinctly appear within what time the work was to be completed, or when it was to be paid for, but it is fairly inferable from the evidence as a whole that the work was to be seasonably prosecuted as the building was ready for it, and that it was to be paid for by Groff from time to time as the work progressed. Plaintiffs commenced work on November 7th, and prosecuted it in the ordinary manner until January, 1888, when Groff, having become somewhat straitened for money with which to erect the building, and hence unable to make payments as the work progressed, requested plaintiffs not to hasten the work to completion, to which they assented.   On February 13, 1888, during the progress of the work, Groff sold and conveyed the property to his father-in-law, the defendant Balch.   This conveyance was placed on record, but the plaintiffs had no knowledge of the transfer of the property, and Groff continued in possession, "bossing the work," precisely as before.   The plaintiffs went on doing work on their contract from time to time, under Groff's directions, until March 29, 1890, antici-

pating that Groff, by sale of the property or otherwise, would raise money with which to pay them, so that they could go on and complete their contract. From January, 1888, when plaintiffs at Groff's request slackened progress on the work, until about November 1, 1889, although in accordance with that request they prosecuted the work very slowly, yet, judging from the bill of particulars, they from time to time furnished material and performed work under their contract of very considerable and substantial value, amounting in all to some $400. By November 1, 1889, substantially all was done which has ever been done by plaintiffs on their contract, but the contract was not abandoned or terminated by either party. On the contrary, both parties treated it as still in force, and the plaintiffs continued, at Groff's request and at his consent, from time to time, to do a little work, so as to keep their lien alive in case he should be unable to raise money with which to finish the building; the hope or expectation of the parties being that he would be able to raise the money, and that the plaintiffs would then complete their contract. The last work done on the job by plaintiffs was on March 29, 1890, when it was agreed by both parties that, as Groff had been unable to raise money, the contract should be considered at an end, and that plaintiffs should quit the job, as they had a right to do, because of Groff's default. The work done by the plaintiffs from time to time between November 1, 1889, and March 29, 1890, was work which they were required to do under their contract, but the object in performing it was, as already stated, according to the understanding between them and Groff, to preserve and keep alive the lien until it was ascertained whether Groff could raise money with which to complete the building. Within 90 days from March 29, 1890, the date at which the last labor was performed, the plaintiffs filed their lien for what they had done on the contract.

On these facts, if they should be so found from the evidence, we are of opinion that the last item of labor or material should be deemed as furnished March 29, 1890, and that a lien filed within 90 days thereafter was good. Had the contract been previously abandoned and terminated, or had it been at some prior date substantially performed, and these later items of labor or material performed or fur-

nished by plaintiffs on their own motion for the purpose merely of preserving or reviving their lien, an entirely different case would have been presented; or had there been no entire contract for the whole work, but it had been done merely on a running account as ordered from time to time, a different result might have been reached. But here was a case where there was an entire contract for the whole job, and while full performance had been by mutual consent delayed or postponed for the accommodation of Groff, yet both parties treated the contract as still in force, and expected and intended it to be fully performed as soon as Groff was in condition to perform on his part. If this action was solely between plaintiffs and Groff, it would seem to us that there could be no reasonable doubt as to the law upon the supposed facts. But we do not see that, under the circumstances, Balch has any equities superior to those of Groff. If he had purchased after the work was substantially completed, he might have had a right to assume that if any lien existed against the property it would be filed within 90 days, and might have been in position to claim that the time for filing could not, as against him, be extended by some nominal amount of work done for the express purpose, after substantial performance. But he purchased right in the midst of the work, and left Groff in possession and in charge precisely as before the transfer. Therefore we do not see that he has any equities that put him in any better position than Groff. But for the reason first suggested the order appealed from must be affirmed.

DICKINSON and COLLINS, JJ., absent, took no part.

(Opinion published 51 N. W. Rep. 218.)