# THOMAS J. PURCELL v. F. C. THORNTON.[1]

January 22, 1915.

Nos. 19,110—(296).

**Mortgage — action to redeem — estoppel.**

Plaintiff executed two mortgages on real property, the latter one being for commissions in securing the former, and containing no power of sale. There was default in both mortgages, and the commission mortgage was attempted to be foreclosed by advertisement. The mortgagee purchased at the sale, and at the end of a year went into possession. He and his grantees remained in peaceable possession for more than five years, paid taxes, made improvements, and paid off and procured to be satisfied the prior mortgage. Defendant purchased the land for a valuable consideration, without actual notice of the invalidity of the foreclosure. Plaintiff at all times knew of the attempted foreclosure, of the facts before stated, and of the defect which rendered the foreclosure invalid, but he remained silent, not asserting any title to or right in the land until he commenced this action to redeem. The property in the meantime had greatly increased in value. It is *held* that plaintiff is estopped by his conduct from asserting title to the land or the right to redeem.

Action in the district court for Swift county to ascertain the amount due to defendant under a certain mortgage and to permit plaintiff to redeem upon payment of the amount. The case was submitted upon stipulated facts to Flaherty, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed with directions.

*Eric L. Thornton* and *T. R. Kane,* for appellant.

*Ray G. Farrington,* for respondent.

[1] Reported in 150 N. W. 899.

Note.—As to actions or suits in which equitable estoppel involving title or interest in real property is available, see note in 49 L.R.A.(N.S.) 775.

BUNN, J.

Plaintiff owned a quarter section of land in Swift county. March 1, 1906, he executed two mortgages on the land, the first to Mary F. Johnson to secure his note for $2,500, the second to the Iowa Mortgage Loan & Investment Co., to secure his note for $125, given for the company's commission in securing the loan from Mary F. Johnson; this was subsequent to her mortgage. Default was made in the conditions of both mortgages. April 12, 1907, the loan company instituted proceedings to foreclose the $125 mortgage by advertisement. This mortgage did not contain a power of sale. The notice, however, stated that the mortgage would be foreclosed by virtue of the power of sale therein contained, and both it and the subsequent proceedings were in strict accord with the statute. The foreclosure sale took place June 1, 1907, and the land was bid in by the mortgagee for $177.50, the amount due on the mortgage with costs and disbursements. No redemption from this sale was made or attempted, and on June 1, 1908, the purchaser took possession of the land as owner. On the same day it in good faith and for a valuable consideration conveyed the land to the Mason City Loan & Trust Co. April 15, 1911, Mary F. Johnson in good faith and for a valuable consideration assigned the $2,500 mortgage to S. A. Schneider, who was the secretary of the Mason City Co.; this assignment was taken and held in trust for the company and was recorded a few days after it was given. November 13, 1911, Schneider, believing that the Mason City Co. was the owner in fee of the land, and that he was obliged to satisfy the mortgage to clear the title, and without knowledge of any claim of ownership on the part of plaintiff, satisfied of record the $2,500 mortgage.

October 24, 1912, the Mason City Co., for a consideration of $6,576, conveyed the land to defendant. This deed was duly recorded. After the commencement of this action, pursuant to a contract entered into before the action was begun, defendant conveyed the land to one Stammers for $7,200. At the time of the attempted foreclosure of the $125 mortgage the land was worth $3,000, and at the time this action was commenced it was worth $8,000. From June 1, 1908, until the commencement of this action on April 16,

1913, plaintiff has, without objection, permitted defendant and his grantors to occupy said land, and to enjoy and improve the same. Defendant and his grantors have paid each year the taxes on the premises, aggregating $329.38. During the fall of 1912 defendant made improvements on the premises of the value of $1,086. The value of the use and occupation of the premises was $160 each year. Plaintiff has never paid any part of the $2,500 mortgage or of the interest thereon.

This action was brought to have defendant declared a mortgagee in possession, and to have it adjudged that plaintiff might redeem from the foreclosure of the $125 mortgage by payment of the amount found due defendant as assignee of the mortgagee in said mortgage. The facts were stipulated and found by the court substantially as we have above stated them. In addition the court found that plaintiff had done nothing to estop him from redeeming from the $125 mortgage or the attempted foreclosure thereof. As conclusions of law, the court determined that the foreclosure of the $125 mortgage was null and void, that plaintiff has a right to redeem from such foreclosure, and that upon the deposit by plaintiff of the sum of $199.92, being the principal sum of $125, with interest, plaintiff is entitled to judgment that such mortgage has been paid and the pretended foreclosure redeemed from. It was further determined that defendant has no rights in the premises and no lien or interest therein, and no claim against plaintiff arising out of the $2,500 mortgage to Mary F. Johnson, or the subsequent payment and satisfaction thereof. It was further determined that defendant is entitled to recover from plaintiff the taxes paid on the premises, and the value of the improvements made thereon, less the sum of $1,120, the value of the rents and profits of the premises for the years 1908 to 1914 inclusive. Judgment was entered on this decision, and defendant appealed therefrom to this court.

The only contention of defendant that we find it necessary to consider is that plaintiff, on the facts stipulated and found, is estopped from now asserting title to the land or the right to redeem.

The attempted foreclosure was clearly void because the mortgage contained no power of sale, and therefore could be foreclosed only

128 M.—17.

by action. R. L. 1905, § 4457. King v. Meighen, 20 Minn. 237 (264).

The purchaser at the sale in good faith went into possession under the foreclosure, and, though it was void, is regarded as a mortgagee in possession. Martin v. Fridley, 23 Minn. 13; Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889; Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11; Backus v. Burke, 63 Minn. 272, 65 N. W. 459. Defendant, as the grantee of the mortgagee in possession, occupies the same position. Plaintiff's legal title was not affected by the attempted foreclosure. His right to redeem therefrom continued to exist until the right to foreclose was barred by the statute, unless his title was lost by abandonment, or unless he is estopped from asserting such title. It is the settled rule in this state that a vested title to real estate, though it may pass to another by adverse possession or estoppel, is never lost by abandonment. Smith v. Glover, 50 Minn. 58, 52 N. W. 210, 912; Krueger v. Market, 124 Minn. 393, 145 N. W. 30, and cases therein cited.

Is plaintiff estopped from now asserting his title or right to redeem? The facts were all stipulated. There is a finding to the effect that plaintiff did nothing and permitted nothing to be done that should estop him from redeeming, and that defendant, in dealing with the land, did not rely on any act or conduct of the plaintiff. This finding is really a conclusion drawn by the court from the facts stipulated. It is true that plaintiff did not by any positive words or acts acquiesce in the foreclosure as valid. His conduct consisted of passiveness, of sitting silently by and permitting the purchaser to take and retain possession, to pay the taxes for six years, to pay off the $2,500 mortgage, and to make valuable improvements. He made the mortgage which it was attempted to foreclose. He was in default on this and on the prior mortgage. The two mortgages, with interest, aggregated a sum slightly less than the value of the land at that time. It has greatly enhanced in value since, being now worth $8,000, and plaintiff has been released from all liability to pay any part of the mortgage indebtedness. Is not this a case of estoppel? It is true that the court finds that defendant, in dealing with or purchasing the land, did not rely on any act or conduct of plaintiff. But this finding was

not based upon any evidence, being really as before stated, the conclusion of the court drawn from the facts stipulated. There clearly was reliance on plaintiff's acquiescence in the validity of the foreclosure. Had he asserted its invalidity when possession was taken by the purchaser, had he not permitted defendant and his grantors to remain in peaceable possession, it is impossible to suppose that they would have released him from the $2,500 mortgage. We think there was enough reliance on defendant's conduct to satisfy this element of the doctrine of estoppel by conduct.

It is argued that because plaintiff's conduct consisted only of silence, and the invalidity of the foreclosure appeared of record, there was no estoppel. The same claim was made in Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495, where the court recognized the general rule that, when the title of a party sufficiently appears of record, mere silence on his part is no violation of duty, and does not estop him from asserting his title as against others dealing with the property as another's, but stated that this rule was subject to certain limitations and qualifications. In the Dimond case, there was an invalid foreclosure, and its invalidity appeared of record. Mr. Justice Mitchell points out that the conduct of plaintiff in acquiescing for 20 years in the validity of the foreclosure, abandoning the land to the title supposed to have been acquired under it, and repudiating all the duties of ownership, amounted to more than mere silence in the presence of a claim of adverse and hostile title. He then says: "The mere fact that the records in the register's office furnished the means by which the defendants might have ascertained the defect in the foreclosure proceedings is not of itself sufficient to prevent them from insisting upon an estoppel." The opinion cites Pomeroy, Eq. Jur. § 810; Bigelow, Estop. 594; Wetzel v. Minnesota Ry. Tr. Co. 65 Fed. 23, 12 C. C. A. 490; Conklin v. Wehrman, 38 Fed. 874, and Sumner v. Seaton, 47 N. J. Eq. 103, 19 Atl. 884, and holds that all the elements of an equitable estoppel may exist, notwithstanding that the records disclose the actual state of the title, even when the conduct of the party estopped consists merely of silence and failure to assert his title. It was held in that case that plaintiff was estopped from asserting the invalidity of the foreclosure. It

is true that the facts in that case make a stronger case than those here, in respect to the length of time that the plaintiff remained silent. But this is not a controlling feature. We have here the same apparent abandonment of the land to the title of the purchaser at the sale, the same. repudiation of all the duties of ownership, the same knowledge that other parties were dealing with the property and paying taxes, the same great increase in the value of the land, and in addition the important feature of the payment of the $2,500 mortgage. If this does not create an estoppel the doctrine is too limited in its scope to be worth much. It is an equitable doctrine, "founded in natural justice, and is a principle of good morals as well as law." Gregg v. Von Phul, 1 Wall. 274, 17 L. ed. 536. "So far from being odious, it is a favored doctrine of the courts." Dimond v. Manheim, supra. "The primary ground of the doctrine is that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. No one is permitted to keep silent when he should speak and thereby mislead another to his injury. If one has a claim against an estate, and does not disclose it, but stands by and suffers the estate sold and improved, with knowledge that the title has been mistaken, he will not be allowed afterwards to assert his claim against the purchaser. And justly so, because the effect of his silence has actually misled and worked harm to the purchaser." Such was the language of Mr. Justice Davis in Gregg v. Von Phul, 1 Wall. 274, 17 L. ed. 536, quoted by Mr. Justice Jaggard in Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851. It fits this case. The principles which govern a controversy as to when the owner of land estops himself were stated in the case last cited, and have been so often stated in the books that there is no occasion for dispute as to what they are. But as said by Mr. Justice Mitchell in Dimond v. Manheim, supra, "the courts have always been cautious, as in the matter of defining fraud, not to give a definition of universal application without modification or limitation, and without reference to the peculiar facts of a particular case." We have here, as it seems to me, a case where plaintiff remained silent when it was his duty to speak. He knew he was in default, knew the mortgagee was

attempting to foreclose, knew the defect that rendered the foreclosure invalid. He may not have maintained silence with any fraudulent intent, but this is not necessary. He must have known that it was both natural and probable that his conduct would result in others dealing with the property in reliance on the validity of the foreclosure. We might cite a mass of authorities with facts more or less like those here, but it is unnecessary. We hold that plaintiff is equitably estopped by his conduct to claim title to the land involved or the right to redeem.

The judgment appealed from is reversed, with directions to the trial court to amend its conclusions of law in accordance with this opinion, and to order judgment for the defendant.