# LOUISA LAMONT and Others v. WILLIAM H. LAMONT and Another:[1]

March 5, 1915.

Nos. 19,039—(254).

**Action to set aside foreclosure — homestead — deposition.**

In this action to set aside the foreclosure of a mortgage on the grounds that the mortgagor, at the time the mortgage was executed, was married, that the property was the homestead, and that the wife did not join in the mortgage, it is *held:*

(1) It was error to receive in evidence on the issue of marriage, a judgment in a prior action to which the defendant here was not a party. The error was prejudicial.

(2) Conceding that the refusal of a witness to answer material questions asked on cross-examination is ground for suppressing the deposition of such witness, the motion to suppress must be made within 10 days after notice of the return of the deposition as provided by G. S. 1913, § 8393.

(3) Declarations of the mortgagor, since deceased, tending to indicate his claim that the property was his homestead, and made while he was the owner and in possession of the property, were properly received in evidence.

Action in the district court for Le Sueur county to cancel a mortgage and to set aside its foreclosure. The case was tried before Morrison, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying defendants' motion for a new trial, they appealed. Reversed.

*Moonan & Moonan* and *Francis Cadwell,* for appellants.

*R. L. Penney,* for respondents.

BUNN, J.

John Lamont owned a 15-acre tract of land in Le Sueur county and on November 6, 1905, executed a mortgage thereon to defendant Dressel, to secure $75 and interest. The mortgage was assigned to defendant William H. Lamont and was foreclosed by him in De-

[1] Reported in 151 N. W. 416.

cember, 1910. There was no redemption. Plaintiff Louisa La-
mont claims to be the widow of John Lamont, and the other plaintiffs
are their children. They brought this action to cancel the mortgage
and set aside the foreclosure thereof, on the ground that plaintiff
Louisa Lamont was the wife of John Lamont at the time the mortgage
was executed, did not join therein, and that the property was their
homestead. Louisa did not in fact join in the mortgage, it being
executed by John Lamont alone as a "widower." The issues made
by the pleadings and tried by the court without a jury were these:
(1) Were John Lamont and Louisa Lamont husband and wife at the
time the mortgage was executed? (2) Was the property their home-
stead? The court decided both of these questions in the affirmative,
and granted judgment for plaintiff. This appeal is from an order
denying a new trial.

· If the findings of the trial court are sustained by the evidence,
and, if there was no prejudicial error in admitting or excluding evi-
dence, the decision was correct and the order appealed from must
stand. But it must be reversed, if the evidence is insufficient to sus-
tain the finding that John Lamont and Louisa Lamont were husband
and wife at the time the mortgage was executed, or the finding that
the tract was their homestead. The same result must follow, if there
was prejudicial error in admitting or excluding evidence on the ma-
terial issues.

We regard the evidence as plainly sufficient to sustain the findings
assailed, but it is not conclusive. There was a sharp controversy, es-
pecially on the question of the marriage, and the court might have
decided either way. It is therefore necessary to consider the claims
of error in the admission of testimony.

1. The first claim of error is based on these facts: The trial court
received in evidence, over the defendant's objection, the judgment
roll, consisting of the pleadings, decision and judgment, in an action
brought in 1899 by one Brossard against John Lamont and Louisa
Lamont. That action was to determine the adverse claims of the de-
fendants to a 110-acre tract of land, not including the land involved
in the instant case. The defendants answered separately, each claim-
ing that 80 acres of the tract was their homestead, that they were hus-

band and wife, and that a ·deed executed by John Lamont to plaintiff in 1866 was void because Louisa did not join therein. Plaintiff replied to these answers, specifically denying that John Lamont was married at the time he executed the deed, and denying that he ever occupied any portion of the premises as a homestead.· The case was tried in 1897, and resulted in a decision that the Lamonts were married at Warsaw in Rice county in 1865, that they lived upon the land as husband and wife until 1871, when Louisa left and never afterwards lived upon the premises. It was further found that the land was not the homestead of John Lamont, and the conclusions of law were that the deed conveyed the land to plaintiff, subject to the inchoate right of Louisa Lamont under the statutes. Judgment was ordered accordingly but was not entered until in July, 1899. Prior thereto, and in May, 1899, defendants withdrew their answers, and it was stipulated that judgment might be entered for the plaintiff as prayed for in the complaint, but without costs to either party. Judgment was ordered pursuant to this stipulation and entered July 18, 1899. The judgment recites in full the decision, but purports to be entered on motion of the attorney for the plaintiff and in accordance with the stipulation and order for judgment made thereon, and simply adjudges that plaintiff is the owner of the land, and that "defendants have not, nor has either of them any right, title, interest, lien or estate of, in or to said premises or to any part or portion thereof."

Was this judgment admissible as evidence to prove the fact of marriage in the present case? Defendants here were not parties to the former suit. The only parties to that action were Brossard and the Lamonts; it was the ordinary statutory action to determine the adverse claims of the named defendants in a particular tract of land. Its object was not to adjudge the status of the Lamonts as being married or single. Whether they were married or not became an essential issue in the case because on that issue depended the rights of one or both of the defendants in the land. No one interested in that issue, the marriage status, was made a party to the case, either by name or as unknown parties, except Brossard and the Lamonts. It was not, particularly as to the issue of marriage, an action *in rem,* in which the judgment "renders the thing adjudicated upon *ipso*

*facto* such as it is thereby declared to be, and therefore of effect between all persons whatever." Broom, Leg. Max. (8th ed.) 750; Morin v. St. Paul, M. & M. Ry. Co. 33 Minn. 176, 22 N. W. 251; Shepherd v. Ware, 46 Minn. 174, 48 N. W. 773, 24 Am. St. 212; Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354. It is elementary that a judgment is conclusive only as against the parties thereto and their privies. As to strangers it is evidence only of its entry, and not of any fact upon which it was based. Minnesota Debenture Co. v. Johnson, supra, and cases cited. The rule that a judgment is admissible as against all the world, when it forms a link in a party's chain of title, plainly does not apply to this case. Nor does the principle announced and applied in Pabst Brewing Co. v. Jensen, 68 Minn. 293, 294, 71 N. W. 384, that "all judgments whatever are conclusive proof as against all persons of the existence of that state of things which they actually effect when the existence of the state of things so effected is a fact in issue, or is, or is deemed to be, relevant to the issue." The Brossard action was not brought to establish the marriage status of the Lamonts, but to determine their adverse claims to a particular tract of land. Their status was only incidentally involved. It is doubtful if the judgment did in fact determine the fact of marriage, as the answers presenting this issue were withdrawn, and the judgment entered as on default, and simply adjudging that defendants had no title to or interest in the land. But whether this is so or not, we discover no ground for holding the judgment evidence as against strangers to it of any fact upon which it was based. It has been held that a judgment is *prima facie* evidence even as against strangers of any fact which, from its nature, is provable by evidence of general reputation. 23 Cyc. 1287. This claim was made to sustain the admission of the judgment in Morin v. St. Paul, M. & M. Ry. Co. supra, where the fact to be proved was the death of a person, but the judgment was held inadmissible. We think that this doctrine, if sound at all, should not be applied where the fact to be proved is that of marriage, though it is true that evidence of general reputation is admissible on such an issue. See Eisenlord v. Clum, 126 N. Y. 552, 27 N. E. 1024, 12 L.R.A. 836.

Our conclusion is that the judgment in the Brossard case was not

competent evidence in the case at bar of the marriage of the Lamonts. Morin v. St. Paul M. & M. Ry. Co. supra; 2 Dunnell, Minn. Dig. §§ 5154 to 5158, and cases cited. 23 Cyc. 1280, 1410, and cases cited.

We are unable to say that the trial court's decision was not influenced by the evidence. The record strongly indicates that it was. The error must therefore be held prejudicial.

2. There are other questions that should be disposed of in order to guide the court below on another trial. The first of these is whether it was error to receive in evidence the depositions of plaintiff Louisa Lamont and two other witnesses over the objections that these witnesses refused to answer material questions put to them on cross-examination. The questions which plaintiff, on the advice of counsel, refused to answer were whether she had ever been married since leaving Lamont, whether she was married to a certain man on a certain date and whether she did not live with still another man as his wife at another time after leaving Lamont. Plaintiff's two witnesses, whose testimony on direct tends to show a marriage between plaintiff and Lamont, refused on cross-examination to answer whether or not plaintiff was known in the community where she and they lived as the wife of the other man. The evidence sought to be obtained by the questions which the witnesses refused to answer was material, we think. It had a bearing on the issue of marriage. Plaintiff's refusal to answer may have been justified, as her answers might be self incriminating, but the other witnesses had no legal reason whatever for refusing to answer the interrogatories. There is a conflict of authority as to whether the refusal of a witness to answer a material question asked on cross-examination is ground for suppressing his deposition. Probably the majority rule is that the deposition may be suppressed upon that ground, and perhaps this has been assumed by this court to be the correct rule. McMahon v. Davidson, 12 Minn. 232 (357); Stone v. Evans, 32 Minn. 243, 246, 20 N. W. 149; 4 Enc. Ev. pp. 421, 422, and cases cited. But because the witness may be compelled to testify, and the suppression of his deposition may punish an innocent party rather than the contumacious witness, some courts refuse to suppress on this ground. 4 Enc. Ev. 421, 422; Jones, Ev. § 689. Whatever the correct rule may be in this

128 M.—34.

regard, we think that the objection must be taken by a motion to suppress the deposition, which motion must be made as provided by the statute (G. S. 1913, § 8393), within 10 days after written notice of the return thereof. This notice was duly given in the case at bar, and the motion to suppress was not made within 10 days thereafter or indeed until the depositions were offered on the trial, which was some two months later. This is a reasonable rule, just to both parties, and we adopt it. See Jones, Ev. § 686, and cases cited.

3. Witnesses were permitted to testify over objection to declarations of John Lamont, since deceased, tending to show that he claimed the property as a homestead. This was not error. Hayes v. Hayes, 126 Minn. 389, 148 N. W. 125.

The error in receiving in evidence the judgment in the Brossard case necessitates a new trial.

Order reversed.