### ELIZA JANE STAMMERS v. TORGER LARSON.[1]

#### April 17, 1919.

#### No. 21,146.

**Judgment — not res judicata as to judgment creditor not party to the action.**

1. A judgment holding the mortgagor estopped by his conduct from asserting the fact that an attempted foreclosure of the mortgage is void,

1Reported in 171 N. W. 809.

is not binding on the holder of a judgment lien who was not a party thereto and whose lien, although subject to the mortgage, attached before the void foreclosure, and such judgment is not evidence against him of the facts on which it was founded.

**No evidence of estoppel.**

2. The record contains no evidence which will justify a finding that defendant, who claims under the judgment lien, is estopped from asserting the invalidity of the foreclosure.

Action in the district court for Swift county to quiet title to certain premises. The answer set up a lien of $676.36 under a sheriff's certificate on execution sale. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*John I. Davis* and *Charles J. Tryon,* for appellant.

*C. L. Kane,* for respondent.


TAYLOR, C.

This is an appeal by defendant from a judgment decreeing that plaintiff is the owner of a quarter section of land in Swift county and that defendant has no interest therein.

The land was formerly owned by Thomas J. Purcell. On March 1, 1906, he executed a first mortgage thereon for the sum of $2,500, and a second mortgage thereon for the sum of $125. On February 13, 1907, a judgment was entered and docketed against him and in favor of P. B. Thunem for the sum of $401.28. Thereafter the second mortgage was foreclosed by advertisement, and, at the foreclosure sale, held on June 1, 1907, the land was sold to the mortgagee for $177.50, the amount of the mortgage with interest and costs. The foreclosure proceedings were regular in form in all respects, but the foreclosure was void for the reason that the mortgage contained no power of sale and therefore could not be foreclosed by advertisement. Purcell v. Thornton, 128 Minn. 255, 150 N. W. 899. No redemption was made from the foreclosure sale and the rights acquired thereunder have passed to plaintiff through mesne conveyances. On January 23, 1914, the judgment against Purcell was duly assigned to defendant by Thunem, the judgment creditor. On Jan-

uary 25, 1917, the land was duly sold to defendant for the amount of the judgment under and pursuant to an execution issued thereon. In March, 1917, plaintiff, alleging that she was the owner and in possession of the land, began this action to quiet title thereto. By stipulation of the parties, the time in which plaintiff may redeem from the execution sale has been extended until 30 days after the final decision in this action.

Plaintiff concedes that the attempted foreclosure of the mortgage was void and rests her case upon the proposition that defendant is estopped from asserting its invalidity. In April, 1913, Purcell, the original owner of the land, brought an action against Frank C. Thornton, plaintiff's predecessor in the chain of title under the abortive foreclosure, in which he asserted that the foreclosure was void, that Thornton was a mortgagee in possession, and that he, Purcell, was entitled to redeem from the mortgage. The judgment in that action determined that Purcell was estopped by his conduct from attacking the validity of the foreclosure. Purcell v. Thornton, 128 Minn. 255, 150 N. W. 899. Against the objection of defendant, plaintiff put the judgment roll in that action in evidence in this action, and apparently relies upon that judgment to sustain her contention that defendant also is estopped from attacking the validity of the foreclosure. The lien of the Thunem judgment attached to the land before the attempted foreclosure of the mortgage and long before Purcell brought his action. Neither Thunem nor defendant, his successor in interest, were parties to the Purcell action, and consequently are not bound by the judgment rendered therein; and that judgment is not evidence as against them of the facts upon which it was founded. County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944; Hartman v. Weiland, 36 Minn. 223, 30 N. W. 815; Talbot v. Barager, 37 Minn. 208, 34 N. W. 23; Windom v. Schuppel, 39 Minn. 35, 38 N. W. 757; Maloney v. Finnegan, 40 Minn. 281, 41 N. W. 979; Harper v. East Side Syndicate, 40 Minn. 381, 42 N. W. 86; Corser v. Kindred, 40 Minn. 467, 42 N. W. 297; Bloom v. Moy, 43 Minn. 397, 45 N. W. 715, 19 Am. St. 243; Burbank v. Wright, 44 Minn. 544, 47 N. W. 162; Pioneer Sav. & Loan Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764, 38 Am. St. 511; American Bldg. & Loan Assn. v. Stoneman, 53 Minn. 212, 54 N. W. 1115; Falconer v. Cochran, 68 Minn. 405, 71 N. W. 386; Minne-

sota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354; Lamont v. Lamont, 128 Minn. 525, 151 N. W. 416.

As plaintiff based her contention that defendant acquired no interest in the land by his purchase at the execution sale on the sole ground that he was estopped from taking advantage of the invalidity of the foreclosure, it was incumbent on her to prove a state of facts which in equity and good conscience ought to bar him from attacking the foreclosure. She secured an admission that she was in possession of the land by tenant at the time of the trial and had been for the preceding two years. She offered in evidence the judgment roll in the Purcell case and the records showing the foreclosure proceedings and her chain of title. She made no attempt to prove anything more. As the judgment against Purcell is not evidence against defendant of the facts on which it was founded, the record is utterly bare of evidence tending to show any conduct on the part of plaintiff or her predecessors in interest, or on the part of defendant or his predecessor in interest which could give rise to an estoppel.

Purcell's relation to the land and to the mortgage differed so widely from that of the holder of the judgment lien that, even if the Purcell judgment were evidence in this case of the existence of the state of facts which estopped Purcell from taking advantage of the invalidity of the foreclosure, it by no means would follow that such state of facts would also estop defendant from taking advantage of it. Purcell was the owner of the land and entitled to the possession of it until his title had been lawfully divested, or he had voluntarily surrendered possession to another. The duty to pay the taxes rested on him as long as he remained the owner. He had obligated himself to pay the mortgage debt, and by giving the mortgage had authorized the mortgagee to divest him of title if he failed to make such payment. Thunem and defendant, as successive holders of the judgment lien, merely had a right to resort to the land for the purpose of enforcing payment of the judgment. They were not entitled to possession of the land; had no right to interfere with anyone in possession; were under no duty to pay the taxes; had assumed no obligations to the mortgagee, and owed no duty either legal or moral to any one to take any affirmative action in respect to the land or the debt secured by the mortgage. Mere delay in taking steps to ap-

propriate the land to the payment of the judgment does not warrant the conclusion that they considered the lien extinguished. As the record contains no evidence that either of them did anything which in any manner recognized the validity of the foreclosure or misled plaintiff to her prejudice, the judgment must be and is reversed.