# BELT LINE BRICK COMPANY v. STANDARD HOME BUILDING COMPANY AND OTHERS.[1]

March 25, 1927.

No. 25,649.

**Agreement with owner to extend time for filing mechanic's lien invalid but owner estopped to deny it.**

The builder fully completed its contract. Subsequently plaintiff delivered material for the purpose of extending time to file lien and, at the same time, entered into an agreement with the builder (owner) to extend time for filing lien. Plaintiff then filed lien within 90 days after the last delivery, but more than 90 days after delivery of last item of material for use on the premises. *Held*:

(1) That such an agreement for the delivery of further material does not extend the time in which to file a lien.

(2) That the owner (contractor) is, by its conduct, estopped from asserting that the lien was filed too late as against plaintiff.

(3) That appellant Robitshek, the owner's grantee, after the filing of the lien, is also subject to such estoppel.

(4) That defendants Skolnick and Alpert, not being parties to such transaction, the lien, as to them, was filed too late.

(5) That the findings of fact are supported by the evidence, and justify the conclusions.

Appeal and Error, 4 C. J. p. 883 n. 33.
Mechanics' Liens, 40 C. J. p. 203 n. 69, 71; p. 204 n. 87, 92; p. 205 n. 97.

See note in 35 L. R. A. (N. S.) 904; 18 R. C. L. 930; 4 R. C. L. Supp. 1225.

Action in the district court for Hennepin county to enforce a mechanic's lien. Defendant Ella T. Robitshek and plaintiff separately appealed from an order, Waite, J., denying their motions for a new trial. Affirmed.

*Leonard, Street & Deinard,* for defendant Ella T. Robitshek.
*Oscar A. Brecke* and *E. T. Chesnut,* for plaintiff.

[1]Reported in 213 N. W. 41.

QUINN, J.

The defendant building company purchased lots 10, 11 and 12, block 80, Remington's Second Addition to Minneapolis, upon which it commenced the erection of two apartment buildings—one upon lot 12 and the north half of 11, the other upon lot 10 and the south half of 11, which are known as Nos. 3611 and 3617 Bryant avenue south, respectively.

The plaintiff furnished brick used in the construction of such buildings to the amount of $5,169.50, the first item of which was delivered on June 19 and the last item on September 1, 1923. On August 16, while the buildings were under way of construction, the building company conveyed the lots to Louis Skolnick and Charles Alpert. On November 22, Skolnick and Alpert conveyed No. 3611 back to the building company. On November 24, plaintiff delivered 1,000 brick upon the premises. Skolnick and Alpert incorporated and, in December, 1923, conveyed No. 3617 to their company. On February 21, 1924, plaintiff filed a lien statement for the full amount mentioned. In June, 1924, the building company conveyed No. 3611 to Ella T. Robitshek.

This action was brought to enforce such lien for the full amount against all of the lots. In her answer, Mrs. Robitshek pleaded ownership of No. 3611, denied plaintiff's right to a lien because the lien statement was not filed within 90 days after the furnishing of the last item of material delivered for use upon the premises, and that the brick delivered on November 24 was not intended for use upon such premises but was delivered for the sole purpose of extending the time for filing its lien statement. The court found in accordance with the allegations of such answer and further that Skolnick and Alpert were not parties to such transaction, had no notice or knowledge of the delivery of such brick, and that, as to them, the lien statement was filed too late.

As stated by counsel in their briefs, the testimony relating to the talk and delivery of the brick on November 24 was so conflicting that it cannot be reconciled, and the findings of the trial court must be held conclusive. The court found that there was an implied

agreement between the parties, arising out of such transaction, to extend the time for filing a lien statement, that the building company is, by its conduct, estopped to assert or contend that such brick was not furnished for use upon the premises or that the lien statement was filed too late, and that the defendant Ella T. Robitshek, its grantee, after the filing of said lien statement, is also subject to such estoppel. Upon these matters, the evidence amply sustains the findings and the findings support the conclusions. McCarthy v. Groff, 48 Minn. 325, 51 N. W. 218; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Minneapolis Trust Co. v. G. N. Ry. Co. 74 Minn. 30, 76 N. W. 953; 81 Minn. 28, 83 N. W. 463; Purcell v. Thornton, 128 Minn. 255, 150 N. W. 899.

The trial court found that there had been a payment of $1,800 upon the account mentioned in the lien statement, which had not been credited thereto, and that there was a balance due the plaintiff for material furnished that went into such buildings in the sum of $3,369.56 with interest from November 24, 1923, and ordered judgment therefor together with the costs and disbursements, and directed the sale of the premises No. 3611 in accordance with the provisions of the statute.

It is contended on behalf of plaintiff that the payment of $1,800 referred to was properly applied by it upon an account with the building company for materials furnished for the construction of a building at St. Cloud. It is manifest that a payment of $1,000 was made by the building company to the plaintiff on December 5, 1923, and of $800 on January 19, 1924. It was these payments which the trial court held should have been applied upon the account here in question. It is uncontroverted that the building company had an open account with the plaintiff for material furnished for use in the construction of a certain building at St. Cloud. It also appears that it was indebted to the plaintiff in the sum of $5,698.73 for material furnished for buildings within the city of Minneapolis, including the Bryant avenue structures here in controversy.

C. O. Dunham was the auditor for the plaintiff, Jake Gruesner was the manager for the building company, and Sadie Silver was

its bookkeeper. On November 30, 1923, Dunham and Gruesner had a conversation in the presence of Miss Silver at which time the amount of the Minneapolis account was agreed upon, the bookkeeper was instructed to prepare two notes for $1,800 each, a check for $2,000 and another check for $98.73, all of which were executed by the defendant company. At the same time, the bookkeeper entered the notes in the building company's notebook, which was its original book of entry, as being applied on the Bryant avenue property. It was then stated between Dunham and Gruesner that the Minneapolis account was closed. One of such notes was subsequently paid, and the controversy here is whether such payments should be credited to the claim mentioned in the lien statement.

There is a sharp conflict in the testimony relative to these matters, and the trial court found that such payment should be applied upon such account. The plaintiff concedes that the notes in the first instance were intended to apply upon such indebtedness but that thereafter different arrangements were entered into, which were acquiesced in by the building company, and that the building company was estopped from denying that the payment upon such note should be applied upon the St. Cloud account. It is evident from the record that the trial court considered the application of such payments with care and deliberation and we think its conclusion was justified by the evidence. A further discussion of the evidence would be of no special benefit. We find no reversible error in the record.

Affirmed.